[No. A065873. First Dist., Div. Three. Mar. 3, 1995.]

CITY OF RICHMOND et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
SAN FRANCISCO BAY GUARDIAN, Real Party in Interest.

## COUNSEL

Malcolm Hunter, City Attorney, and Everett Jenkins, Assistant City Attorney, for Petitioners.

No appearance for Respondent.

James R. Wheaton, Elizabeth Pritzker and Mark Goldowitz for Real Party in Interest.

## OPINION

CHIN, P. J.—Penal Code section 832.7 provides that peace officer personnel records and records of investigations on citizens' complaints are confidential. It provides that these records ". . . shall not be disclosed in any

criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . ." The San Francisco Bay Guardian (the Guardian) newspaper seeks to obtain from the City of Richmond (Richmond) some information from these records, not pursuant to these Evidence Code sections, but under the provisions of the California Public Records Act, Government Code section 6250 et seq. (CPRA). The superior court, apparently relying upon *Bradshaw* v. *City of Los Angeles* (1990) 221 Cal.App.3d 908 [270 Cal.Rptr. 711] (*Bradshaw*), has adopted CPRA procedures and directed Richmond to turn over its records for in camera review. Although we disagree with the broad language used by *Bradshaw*, we conclude CPRA procedures are appropriate where, as here, the records are not sought in connection with a pending lawsuit. Pursuant to Penal Code section 832.7, however, much of what the Guardian seeks is confidential and need not be disclosed. We direct issuance of a writ of mandate to compel the court to set aside its order.

In early 1993, during its investigation of an incident of alleged excessive force and racially abusive conduct by the Richmond Police Department (RPD), the Guardian made repeated written requests for information about complaints against the RPD. These requests sought various records, including the following: (1) the citizen complaint files of the Richmond Police Commission (RPC) involving police misconduct, specifically excessive force and racially abusive treatment (in this request, the Guardian sought "all RPC records of such matters, including, but not limited to, complaints filed, investigative officer findings and reports, the Commission's resolutions, transactions, motions, orders, findings, recommendations and determinations, and minutes and transcripts of Commission meetings and hearings"); (2) "[a]ccess to RPD records which reflect or indicate or contain information regarding what recommendations or disciplinary actions (e.g., counselling, suspension, termination) have been issued or taken for each sustained complaint over the past five years, and what type of misconduct was alleged in each of those complaints . . . ([t]his request does not seek names of the complainants or officers involved . . .)"; (3) "[a]ccess to or copies of records which reflect or indicate or contain information regarding the weight and height of all officers by name" involved in the specific incident that sparked the investigation.

Richmond refused to provide access to these records, asserting that the information was governed by Penal Code sections 832.5 and 832.7 and could be obtained only by following the procedures set forth in Evidence Code sections 1043 and 1046. The Guardian then brought an action in the Contra Costa Superior Court under CPRA to compel Richmond to comply with the Guardian's request for public access to documents.

After extended briefing and two hearings, the court entered an order, pursuant to CPRA, compelling Richmond to lodge, under seal, for in camera review "the investigative records and files of the Richmond Police Commission and the Richmond Police Department based on citizen complaints involving claims of excessive force and racially abusive treatment and records regarding disciplinary actions based on such complaints for the last five years . . . ." The order required Richmond simultaneously to lodge a descriptive index of the documents setting forth the reasons for exempting them from disclosure. The names of officers and citizens involved in the actions would be removed from the descriptive index. Citing Penal Code section 832.8 and Government Code section 6254, subdivision (c), the court denied the Guardian's request for information about the height and weight of the officers. This petition by Richmond followed, challenging the requirements that it disclose records in camera and prepare a descriptive index.

## I. THE STATUTES

This dispute illustrates the tension between the public's right to know and the equally important public interest in protecting citizens and public servants from unwarranted exposure of private matters. The Legislature has honored the public's right to know by adopting CPRA and has provided privacy protection for police officers and citizens by passing Penal Code section 832.7. Our task is to reconcile these statutes, neither of which mentions the other. Other courts have discussed the issues (see *County of Los Angeles* v. *Superior Court* (1993) 18 Cal.App.4th 588 [22 Cal.Rptr.2d 409] (*County of Los Angeles*); *Bradshaw, supra,* 221 Cal.App.3d 908), but we have found no decision directly addressing the problem presented here.

CPRA, adopted in 1968 (Stats. 1968, ch. 1473, § 39, pp. 2945-2948), acknowledges the tension between privacy and disclosure: "In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (Gov. Code, § 6250.) CPRA provides that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided. . . ." (Gov. Code, § 6253, subd. (a).) CPRA then provides various exemptions, including "[p]ersonnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy . . ." (Gov. Code, § 6254, subd. (c)), certain investigatory and security files (Gov. Code, § 6254, subd. (f); see fn. 2, *post*, at p. 1437), and "[r]ecords the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence

Code relating to privilege." (Gov. Code, § 6254, subd. (k).) An agency must justify withholding a record by demonstrating either that the record is exempt under provisions of CPRA or that "on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record." (Gov. Code, § 6255.) Rights under the act may be enforced by actions for "injunctive or declarative relief or writ of mandate" (Gov. Code, § 6258), during which the court may order in camera review to determine whether documents are being improperly withheld (Gov. Code, § 6259, subd. (a)). Appellate review is by extraordinary writ, not by appeal. (Gov. Code, § 6259, subd. (c); but see *Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325, 1333, fn. 6 [283 Cal.Rptr. 893, 813 P.2d 240], where the validity of this restriction is questioned. This issue is currently before the California Supreme Court in *Powers* v. *City of Richmond\** (Cal.App.) review granted June 30, 1994 (S039547).)

In 1974, the Legislature enacted Penal Code section 832.5, requiring each sheriff's department and city police department to establish a procedure for investigating citizens' complaints against law enforcement personnel (Stats. 1974, ch. 29, § 1, p. 43). In 1978, the Legislature added Penal Code section 832.7 (Stats. 1978, ch. 630, § 5, p. 2083), subsequently amended to its present form: "(a) Peace officer personnel records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office." (Pen. Code, § 832.7, subd. (a).)[1] Penal Code section 832.8 defines " 'personnel records' " to mean files maintained under an individual's name by his or her employing agency and containing records relating to personal data, medical history, employee benefits, "(d) [e]mployee advancement, appraisal,

---

*Reporter's Note: For Supreme Court opinion see 10 Cal.4th 85.

[1]In addition, Penal Code section 832.7 provides: "(b) Notwithstanding subdivision (a), a department or agency shall release to the complaining party a copy of his or her own statements at the time the complaint is filed. [¶] (c) Notwithstanding subdivision (a), a department or agency which employs peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved. [¶] (d) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition. [¶] The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States. [¶] (e) Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code."

or discipline[,] [¶ (e) [c]omplaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties[, and] [¶ (f) [a]ny other information the disclosure of which would constitute an unwarranted invasion of personal privacy."

Evidence Code section 1043 provides that "the party seeking the discovery or disclosure" of a file maintained pursuant to Penal Code section 832.5 must file a motion supported by affidavits "showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records." (Evid. Code, § 1043, subds. (a), (b)(3).) Pursuant to Evidence Code section 1046, if the party is alleging excessive force by a peace officer in connection with an arrest, the motion shall include a copy of the police report of the arrest.

## II. DECISIONAL LAW

*Bradshaw, supra,* 221 Cal.App.3d 908, first noted the relationship between CPRA and Penal Code section 832.7. Patrick Bradshaw was a Los Angeles police officer suspended for improperly detaining two uniformed sheriff's deputies at gunpoint. On the day of the suspension, Police Chief Daryl Gates and the City of Los Angeles furnished the news media a portion of the transcript of the disciplinary hearing and information about the investigation. (*Bradshaw, supra,* 221 Cal.App.3d at pp. 912-914.) Bradshaw then brought an action alleging "negligence per se" for violating Penal Code section 832.7's confidentiality for peace officer personnel records. (*Bradshaw, supra,* 221 Cal.App.3d at p. 914.) *Bradshaw* held section 832.7 inapplicable because the disclosure was voluntary and was not connected with a civil or criminal action. (*Bradshaw, supra,* 221 Cal.App.3d at pp. 918, 921.)

*Bradshaw* first examined the wording of Penal Code section 832.7 and concluded that the words "confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code" were susceptible of two reasonable interpretations. "[C]onfidential" could stand independently as a statement of privilege, or could merely preface the specification of procedures for disclosure of the records. (*Bradshaw, supra,* 221 Cal.App.3d at p. 916.) In order to determine the meaning of "confidential," *Bradshaw* looked to related statutes, noting that CPRA gave a police department discretion to disclose information in an officer's personnel file. (*Bradshaw, supra,* 221 Cal.App.3d at p. 916.) Penal Code section 832.7 addressed a different problem, " 'the

privileges and procedures surrounding what had come to be known as "*Pitchess* motions" [*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 (113 Cal.Rptr. 897, 522 P.2d 305)] . . . .' " (*Bradshaw, supra,* 221 Cal.App.3d at p. 917, quoting *City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 81 [260 Cal.Rptr. 520, 776 P.2d 222].)

After further analysis, *Bradshaw* concluded that ". . . Penal Code section 832.7 . . . was intended to address the legal developments regarding discovery rights which followed the *Pitchess* decision and was not intended to abrogate a police department's right to disseminate information pursuant to Government Code section 6250 et seq." (*Bradshaw, supra,* 221 Cal.App.3d at p. 918.) *Bradshaw* then dealt plaintiff a final blow, concluding the Legislature did not intend to "impose upon an agency a standard of care, the violation of which could be the basis for a cause of action for negligence per se." (*Ibid.*) Discussing another issue in the case, *Bradshaw* broadly stated that ". . . Penal Code section 832.7, subdivision (a) only precludes disclosure of peace officer records, by the terms of the statute, '*in any criminal or civil proceeding* except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.' (Italics added [by the *Bradshaw* court].)" (*Bradshaw, supra,* 221 Cal.App.3d at p. 921.)

*Williams* v. *Superior Court* (1993) 5 Cal.4th 337, 342-344, 347-348 [19 Cal.Rptr.2d 882, 852 P.2d 377], which involved a newspaper's request for information about sheriff's department disciplinary proceedings, cited *Bradshaw* and mentioned possible interplay between Penal Code section 832.7 and CPRA, but did not address that issue or other issues presented here because they were not properly preserved in the lower courts. *Williams* only resolved narrow issues about whether federal Freedom of Information Act (5 U.S.C. § 552) procedures were engrafted on CPRA and whether CPRA's exemption for investigatory files terminated when the investigation ended. (*Williams* v. *Superior Court, supra,* 5 Cal.4th at pp. 348-362.)

*County of Los Angeles, supra,* 18 Cal.App.4th 588, considered the statutes in a different context. In a separate civil action, a litigant suing deputy sheriffs for assault and battery moved unsuccessfully for discovery of records of prior arrests by two named deputies and failed in his attempt to secure writ relief from the appellate court. In an apparent end run around Penal Code section 832.7, a legal secretary employed by the litigant's attorney then filed a CPRA action for the same records. (*County of Los Angeles, supra,* 18 Cal.App.4th at pp. 590-593.) *County of Los Angeles* thwarted the maneuver, finding that, to the extent Government Code section 6254, subdivision (f), permits disclosure of investigatory files, it applies only to contemporaneous records of current police activities. (*County of Los Angeles, supra,* 18 Cal.App.4th at pp. 595-601.)

*County of Los Angeles* reached its conclusion by interpreting Government Code section 6254, subdivision (f),[2] and its statutory history. The court found reinforcement for its interpretation in Penal Code sections 832.5, 832.7, and 832.8, which, "together with sections 1043 through 1046 of the Evidence Code, impose rather careful restrictions upon the disclosure of information from records of citizen complaints against police officers." (*County of Los Angeles, supra,* 18 Cal.App.4th at p. 599.) *County of Los Angeles* concluded, "[t]hese statutes set forth detailed and careful procedures to assure that the sensitive information contained in records relating to allegations of police misconduct will be disclosed only upon a showing of manifest necessity. Such procedures would be nullified if, as [the legal secretary] argues, the same information, or information leading to it, could

---

[2]Government Code section 6254, subdivision (f), exempts from disclosure "Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes, except that state and local law enforcement agencies shall disclose the names and addresses of persons involved in, or witnesses other than confidential informants to, the incident, the description of any property involved, the date, time, and location of the incident, all diagrams, statements of the parties involved in the incident, the statements of all witnesses, other than confidential informants, to the victims of an incident, or an authorized representative thereof, an insurance carrier against which a claim has been or might be made, and any person suffering bodily injury or property damage or loss, as the result of the incident caused by arson, burglary, fire, explosion, larceny, robbery, carjacking, vandalism, vehicle theft, or a crime as defined by subdivision (c) of Section 13960, unless the disclosure would endanger the safety of a witness or other person involved in the investigation, or unless disclosure would endanger the successful completion of the investigation or a related investigation. However, nothing in this division shall require the disclosure of that portion of those investigative files which reflect the analysis or conclusions of the investigating officer. [¶] Other provisions of this subdivision notwithstanding, state and local law enforcement agencies shall make public the following information, except to the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation or would endanger the successful completion of the investigation or a related investigation: [¶] (1) The full name, current address, and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds. [¶] (2) Subject to the restrictions imposed by Section 841.5 of the Penal Code, the time, substance, and location of all complaints or requests for assistance received by the agency and the time and nature of the response thereto, including, to the extent the information regarding crimes alleged or committed or any other incident investigated is recorded, the time, date, and location of occurrence, the time and date of the report, the name, age, and current address of the victim, except that the address of the victim of any crime defined by Section .261 . . . of the Penal Code shall not be disclosed, the factual circumstances surrounding the crime or incident, and a general description of any injuries, property, or weapons involved. . . ."

be obtained as a matter of right through the Public Records Act." (*County of Los Angeles, supra,* 18 Cal.App.4th at p. 600.) The court concluded that Government Code section 6254, subdivision (f), could not be construed in a way that authorized the circumvention of the rulings of a court made pursuant to the discovery statutes protecting the confidentiality of law enforcement information. (*County of Los Angeles, supra,* 18 Cal.App.4th at p. 600.)

### III. CONTENTIONS OF THE PARTIES

Richmond contends, pursuant to Penal Code section 832.7, that the records sought by the Guardian and the information contained therein may be obtained only through the procedures set forth in Evidence Code section 1043. Richmond argues that Government Code section 6254, subdivisions (f) and (k), exempt the records from disclosure, even in camera, because they are privileged investigatory files. Richmond asserts that the public entity holds the privilege, and the superior court erred in not honoring assertion of it. Finally, Richmond contends the court has placed an undue burden on it to prepare a descriptive index of documents it claims are protected from disclosure.

Relying on *Bradshaw,* the Guardian contends that Penal Code section 832.7 and Evidence Code sections 1043 and 1046 apply only to discovery in civil and criminal proceedings and are not involved in this CPRA proceeding. Applying CPRA provisions, the Guardian claims the records do not come within the exceptions for privileged material (Gov. Code, § 6254, subd. (k)), or for investigatory files (Gov. Code, § 6254, subd. (f)). The Guardian also contends that the Richmond Municipal Code, as it read when these records were sought, made these records open to the public. The Guardian insists later changes to the municipal code cannot apply to the records they seek.

The Guardian points out that at no time has it sought the identity of police officers or of complainants. The Guardian argues that access to the records is a fundamental right of citizenship which is protected by CPRA. The Guardian asserts the court was within its discretion to order preparation of an index for in camera review before determining the validity of Richmond's claimed exemptions.

### IV. ANALYSIS

*Bradshaw* is central to this petition. The *Bradshaw* court broadly suggested both that Penal Code section 832.7 did not provide confidentiality or

privilege for police officer personnel records and citizen complaint files and that section 832.7 applied only to "criminal and civil proceeding[s]." Neither observation was essential to the decision, which could have rested independently upon the court's determinations that section 832.7 did not prevent the police agency from performing its duty to inform the public and did not "impose upon an agency a standard of care, the violation of which could be the basis for a cause of action for negligence per se." (*Bradshaw, supra*, 221 Cal.App.3d at p. 918.) We must determine whether *Bradshaw*'s broader pronouncements are correct because, if they are, the superior court responded properly to the Guardian's action.

*Bradshaw*'s analysis of the statute focused upon whether the term "confidential" in Penal Code section 832.7 was meant to limit the authority of a police department to release information to the news media. *Bradshaw* first noted that provisions of CPRA "effectively grant a police department the discretion to disclose information in an officer's personnel file" (*Bradshaw, supra*, 221 Cal.App.3d at p. 916) with only narrow restrictions imposed by "the public safety officers' 'Bill of Rights'. . . . (Gov. Code, § 3303, subd. (e).)" (*Bradshaw, supra*, 221 Cal.App.3d at p. 917.) The court then explained that Penal Code section 832.7 was a reaction to events set in motion by *Pitchess* v. *Superior Court* (1974), 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]. Focusing still on police department discretion, *Bradshaw* concluded that Penal Code section 832.7, and related legislation enacted with it, were "not intended to abrogate a police department's right to disseminate information pursuant to Government Code section 6250 et seq. [¶] Moreover, the Legislature did not by the use of the word 'confidential' in Penal Code section 832.7, subdivision (a) intend to impose upon an agency a standard of care, the violation of which could be the basis for a cause of action for negligence per se." (*Bradshaw, supra*, 221 Cal.App.3d at p. 918.)

We agree with this part of *Bradshaw*'s analysis, none of which affects the issue presented here. This case concerns procedures for seeking police agency files over the agency's objection, not the question of whether the agency may voluntarily disclose information from its files.

We disagree with *Bradshaw*'s suggestion that Penal Code section 832.7 did not establish the confidentiality of these records. (*Bradshaw, supra*, 221 Cal.App.3d at pp. 919-920.) If the Legislature intended only to define procedures for disclosure in criminal and civil proceedings, it could have done so by stating that the records "shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code . . . ," without also designating the information "confidential." (Pen. Code, § 832.7, subd. (a).) *County of Los Angeles, supra*, 18

Cal.App.4th at pages 599-600, supports our view that the term "confidential" in Penal Code section 832.7 has independent significance. As recognized by *County of Los Angeles*, there is little point in protecting information from disclosure in connection with criminal and civil proceedings if the same information can be obtained routinely under CPRA.

We reject, however, Richmond's assertion that CPRA procedures are not appropriate to this case because it involves police agency records governed by Penal Code section 832.7. By its terms, section 832.7 describes procedures for litigants in criminal and civil proceedings, not procedures for nonlitigants seeking public records. Unlike the secretary in *County of Los Angeles,* the Guardian is not conducting an end run around the procedures set forth in Evidence Code sections 1043 and 1046. The Guardian, through its investigative reporter, made a legitimate public record request, to which CPRA procedures apply.

It does not follow, however, that the court properly ordered disclosure of the records sought, even disclosure for the limited purpose of in camera review. Government Code section 6254, subdivision (k), invoked by Richmond below, exempts from disclosure "[r]ecords the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." Penal Code section 832.7 is such a provision of state law. It imposes confidentiality upon peace officer personnel records and records of investigations of citizens' complaints, with strict procedures for appropriate disclosure in civil and criminal cases and limited exceptions under which a department "may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved . . ." (Pen. Code, § 832.7, subd. (c)),[3] and a department must notify the complaining party of the disposition of the complaint (Pen. Code, § 832.7, subd. (d)).

The Guardian's CPRA request was not narrowly drawn with Penal Code section 832.7 in mind. Instead, it sought from RPC virtually the entire citizen complaint file for each complaint involving excessive force or racially abusive treatment and sought from RPD numerous documents from personnel files. Government Code section 6259 permits a court to examine records in camera to determine whether a public agency has properly

---

[3]This exception demonstrates that Penal Code section 832.7 is designed primarily to protect the identity of officers and witnesses involved in citizen complaints. Much of what the Guardian needs for its investigation will fit within this exception, which the court should interpret liberally in favor of disclosure.

withheld them. This procedure may not be invoked, however, when withheld records are clearly not subject to disclosure.[4]

The superior court erred in ordering preparation of a descriptive index and disclosure in camera of the record requested by the Guardian. Let a peremptory writ of mandate issue directing the court to vacate its disclosure order.

Merrill, J., and Corrigan, J., concurred.

A petition for a rehearing was denied March 30, 1995, and the petition of real party in interest for review by the Supreme Court was denied June 22, 1995. Mosk, J., was of the opinion that the petition should be granted.

---

[4]We reject the Guardian's contention that recent amendments to the Richmond Municipal Code do not override prior ordinances that arguably make the RPC records open to the public. The amendments specifically incorporated the confidentiality provided by Penal Code section 832.7. Nothing in the amendments limits them to new files. The unrestrictive wording of Richmond Municipal Code section 3.54.080(b)(6) suggests protection for all records without regard to when gathered. Contrary to the Guardian's claim, the effective date of the ordinance does not limit the scope of the statute's protection. It merely sets a starting date for procedures set forth in the statute. The Guardian had no vested rights to the information, such as might prevent application of the new ordinance to documents already in the RPC files.