[No. B105376. Second Dist., Div. Six. Jan. 22, 1997.]

NEW YORK TIMES COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY,
Respondent;
JIM THOMAS, as Sheriff, etc., Real Party in Interest.

COUNSEL

Price, Postel & Parma, C. Michael Cooney and Adam Liptak for Petitioner.

Steven Shane Stark, County Counsel, and Stephen D. Underwood, Chief Deputy County Counsel, for Respondent and Real Party in Interest.

OPINION

STONE (S. J.), P. J.—Here we hold that, under the California Public Records Act (Gov. Code, § 6250 et seq.),[1] the sheriff is required to disclose the names of peace officers who fired shots at a citizen. We shall grant a writ of review.

On November 14, 1995, deputies from the Santa Barbara County Sheriff's Department participated in a firefight in the unincorporated community of Orcutt. In the fight, five of the deputies fired their weapons. Robert Curnow, a private citizen, was killed in this engagement.

Jim Thomas, Sheriff of Santa Barbara County, pursuant to departmental procedure, conducted an internal investigation of the incident and ascertained the names of the five deputies who had fired their weapons. Copies of the investigative reports were placed by the sheriff into the personnel files of each of those deputies.

---

[1]Unless otherwise stated, all further statutory references are to the Government Code.

On December 8, 1995, petitioner New York Times Company, doing business as Santa Barbara News-Press, made a request under the California Public Records Act that the sheriff disclose the names of the deputies who had fired their weapons at the late Mr. Curnow.

The sheriff agreed to provide the News-Press with the names of all deputies who were present at the crime scene, but refused to provide the names of the deputies who had fired their weapons. It was the position of the sheriff that the names of the deputies in question were to be found in personnel files and, as such, that the identities were exempt under Government, Evidence and Penal Codes. (§§ 6254, subds. (c) & (k), 6255; Pen. Code, § 832.7; Evid. Code, § 1043; see *City of Hemet* v. *Superior Court* (1995) 37 Cal.App.4th 1411, 1423 [44 Cal.Rptr.2d 532]; *Davis* v. *City of Sacramento* (1994) 24 Cal.App.4th 393, 400 [29 Cal.Rptr.2d 232].)

News-Press filed a petition for writ of mandate with respondent superior court in which it sought disclosure of information. (§ 6258.) On August 23, 1996, respondent superior court denied the application. News-Press seeks a writ of review from this court.

### DISCUSSION

Our review of the trial court's ruling is independent on issues of law. We will uphold the trial court's factual findings if supported by substantial evidence. (*Times Mirror Co.* v. *Superior Court* (1991) 53 Cal.3d 1325, 1336 [283 Cal.Rptr. 893, 813 P.2d 240]; *City of Hemet* v. *Superior Court, supra,* 37 Cal.App.4th at p. 1416.)

The California Public Records Act generally requires state and local agencies to allow members of the public to inspect the records in their custody and to obtain copies thereof. The act's preamble declares that, ". . . mindful of the right of individuals to privacy, . . . access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.) There is an inherent tension between the public's right to know and the public interest in protecting public servants, as well as protecting private citizens, from unwarranted invasion of privacy. (*City of Richmond* v. *Superior Court* (1995) 32 Cal.App.4th 1430, 1433 [38 Cal.Rptr.2d 632].) On certain occasions, the public's right to disclosure must yield to the privacy rights of governmental agents. (*Ibid.*) "[O]ne does not lose his right to privacy upon accepting public employment . . . ." (*Braun* v. *City of Taft* (1984) 154 Cal.App.3d 332, 347 [201 Cal.Rptr. 654].)

In equipoise of these competing interests, the California Public Records Act honors the public right to disclosure of public business while

exempting numerous categories of records from compelled disclosure. Pertinent here are exemptions of "[p]ersonnel . . . files, the disclosure of which would constitute an unwarranted invasion of personal privacy" (§ 6254, subd. (c)); "[r]ecords of complaints to, or investigations conducted by, . . . any state or local police agency . . ." (§ 6254, subd. (f)); and "[r]ecords the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." (§ 6254, subd. (k).) Section 6255 establishes that an agency may claim exemption for a record that is either exempt under the express provisions of the California Public Records Act or ". . . that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

The sheriff contends that the names of the deputies who fired their weapons at Mr. Curnow are exempt either under section 6254, subdivision (c) as being contained in a personnel record, or are otherwise privileged information under subdivision (k). He relies also upon Penal Code sections 832.7 and 832.8, which make confidential peace officers' personnel records and records maintained by any state or local agency pursuant to Penal Code section 832.5. Penal Code section 832.5 requires sheriff and police departments to establish procedures for investigating citizens' complaints against peace officers. This statutory scheme protects the personnel files of peace officers from public disclosure except as provided in Evidence Code sections 1043 and 1046.[2] Under Penal Code sections 832.7 and 832.8, an individual's name is not exempt from disclosure.

Evidence Code section 1043 sets forth the exclusive procedural framework for obtaining the disclosure of an officer's personnel records. (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 81-82, fn. 4 [260 Cal.Rptr. 520, 776 P.2d 222]; *City of Richmond* v. *Superior Court, supra*, 32 Cal.App.4th at pp. 1434-1435.) Evidence Code section 1043 and Penal Code section 832.7 are codifications of what are generally called *Pitchess* motions. (*City of Santa Cruz, supra*, at pp. 81-82; *Bradshaw* v. *Superior Court* (1990) 221 Cal.App.3d 908, 917 [270 Cal.Rptr. 711].) Such motions are brought to compel disclosure of citizen complaints lodged against police officers who are involved in a given case. (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 536-537 [113 Cal.Rptr. 897, 522 P.2d 305]; *County of Los Angeles* v. *Superior Court* (1993) 18 Cal.App.4th 588, 599-600 [22 Cal.Rptr.2d 409].)

In *City of Hemet*, relied upon by the sheriff, the Court of Appeal restrained a newspaper's efforts to gain access to records of a police department's

---

[2]Penal Code section 832.7, subdivision (a) provides in pertinent part that "[p]eace officer personnel records . . . , or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . ."

internal investigation of the misconduct of a police officer. The Court of Appeal determined the officer's personnel file to be privileged under Penal Code section 832.7 and, because the movant did not make a proper showing, the file was declared by the court to be unobtainable. (*City of Hemet* v. *Superior Court, supra,* 37 Cal.App.4th at pp. 1424-1425, 1429-1431.)[3]

The court in *City of Hemet* held that Penal Code sections 832.5 through 832.8 create an exemption or privilege for records of investigations of complaints against an officer under section 6254, subdivision (k). (*City of Hemet* v. *Superior Court, supra,* 37 Cal.App.4th at pp. 1422-1423.) The court explained that Evidence Code section 1043 et seq. constitutes the exclusive means for discovery of these records by a litigant in a civil action. (37 Cal.App.4th at pp. 1423-1425.) In particular, the court held that Penal Code section 832.7 "establishes a general condition of confidentiality which falls directly within the scope of the exemption created by Government Code section 6254, subdivision (k), for records 'the disclosure of which is exempted or prohibited pursuant to federal or state law.' The following clause, relating to disclosure in judicial proceedings, merely creates a *limited exception* to the general principle of confidentiality." (37 Cal.App.4th at p. 1427, italics in original.) The court opined that Penal Code section 832.7 creates a general privilege subject to a limited exception based upon due process considerations that parties be given an opportunity to acquire relevant information. (37 Cal.App.4th at p. 1427.)

Like his counterpart in *City of Hemet,* Sheriff Thomas defends his withholding of records by asserting that the information sought by News-Press is contained solely in the officers' personnel files and that, being within such files, it is wholly exempt from public disclosure. (§ 6254, subds. (c) & (k).) In this manner, he has sought to direct the course of inquiry to a province wherein the exceptions contained in the California Public Records Act afford virtual ironclad protection from disclosure to the media.

We have serious reservations whether *City of Hemet* was intended to stand for such an encompassing proposition. The documents sought in *City of Hemet,* i.e., the reports in an internal investigation of a police agency, are the kind of materials intended to be protected from public scrutiny by both section 6254 and Penal Code section 832.7. Here what is sought are simply the names of officers who fired their weapons while engaged in the performance of their duties. Notably, uniformed peace officers are statutorily mandated to wear identification. (Pen. Code, § 830.10.)

[3]Members of the media have no greater right of access than that of any member of the public. (*City of Hemet* v. *Superior Court, supra,* 37 Cal.App.4th 1411, 1417, fn. 7; *Rogers* v. *Superior Court* (1993) 19 Cal.App.4th 469, 476, fn. 4 [23 Cal.Rptr.2d 412].)

The California Supreme Court has recognized that a public agency may not shield a record from public disclosure by placing it into a file labeled "investigatory." (*Williams* v. *Superior Court* (1993) 5 Cal.4th 337, 355 [19 Cal.Rptr.2d 882, 852 P.2d 377] [discussing section 6254, subdivision (f)].) The labels of "personnel records" and "internal investigation" are captivatingly expansive, and present an elasticity menacing to the principle of public scrutiny of government. A public servant may not avoid such scrutiny by placing into a personnel file what would otherwise be unrestricted information. A conclusion to the contrary would weaken and despoil the Public Records Act.

According to the sheriff, the names of the specific deputies were determined as a result of an investigation that is standard procedure when a shooting occurs and *not* as a result of a citizen complaint under Penal Code section 832.5. It would appear that such records would fall either under section 6254, subdivision (c) or, as in *Williams*, under section 6254, subdivision (f), addressing records of investigations conducted by local police agencies.

Under section 6254, subdivision (f), the police agency is directed to make public certain categories of specified information unless disclosure of a particular item of information would endanger the integrity of an investigation, or the safety of a person involved in the investigation or of a related investigation, none of which being at issue here.

From the vantage of the harried public servant, exposure to public scrutiny and criticism may hamper and upset the day-to-day operation of a governmental agency. Thus, the bureaucrat is often sorely tempted to preclude public disclosure by invoking the privilege of confidentiality. It is for this reason that courts must look warily at the character of items that may be placed within the confines of an officer's personnel file. (*New York Times Co.* v. *Superior Court* (1990) 218 Cal.App.3d 1579, 1585 [268 Cal.Rptr. 21]; see also *Williams* v. *Superior Court, supra,* 5 Cal.4th at p. 356.)

News-Press is not seeking information relative to citizen complaints against police officers. (*City of Richmond* v. *Superior Court, supra,* 32 Cal.App.4th at p. 1440.) Nor is it seeking to obtain reports on an internal investigation concerning the misbehavior of a peace officer. (*City of Hemet* v. *Superior Court, supra,* 37 Cal.App.4th at p. 1416.) Rather, it wishes the names of those deputies involved in the shooting. This information may be readily provided by the sheriff without disclosure of any portion of the

deputies' personnel files.[4] Disclosure, moreover, would reveal no deliberative process of the investigation. (Cf. *Times Mirror Co.* v. *Superior Court, supra*, 53 Cal.3d at p. 1344.)

We therefore reject the position of the sheriff that disclosure would impair the privacy interests of his deputies (§ 6254, subd. (c)) and that nondisclosure is warranted under section 6255 according to "the facts of a particular case." Section 6254, subdivision (c), allows for a weighing of interests by the trial court. Under section 6255, a government agency must demonstrate that "the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

Even assuming section 6255 to apply, the sheriff cannot prevail. Fear of possible opprobrium or embarrassment is insufficient to prevent disclosure. (*New York Times Co.* v. *Superior Court, supra*, 218 Cal.App.3d at p. 1586.) ▇ Exceptions to the general rule of disclosure are construed narrowly, and the burden is upon the public agency to show that the record should not be disclosed. (*Rogers* v. *Superior Court, supra*, 19 Cal.App.4th 469, 476.) ▇ The perceived harm to deputies from revelation of their names as having fired their weapons in the line of duty resulting in a death does not outweigh the public interest served in disclosure of their names.

▇ The privacy of the individuals whose personal affairs are recorded in government files is as important as, but narrower than, the fundamental interest of the public in disclosure of information that " '. . . permits checks against the arbitrary exercise of official power and secrecy in the political process.' " (*Rogers* v. *Superior Court, supra*, 19 Cal.App.4th at p. 476, quoting *CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 651 [230 Cal.Rptr. 362, 725 P.2d 470].)

▇ We conclude that the public interest here outweighs the right of the deputies to have their names withheld. (*New York Times Co.* v. *Superior Court, supra*, 218 Cal.App.3d at p. 1586 [public disclosure of names of excessive users of water allowed]; see also *City of Richmond* v. *Superior Court, supra*, 32 Cal.App.4th at p. 1435; see also 78 Ops.Cal.Atty.Gen. 103 (1995).)

Law enforcement officers carry upon their shoulders the cloak of authority to enforce the laws of the state. In order to maintain trust in its police department, the public must be kept fully informed of the activities of its

---

[4]During the course of an investigation of purported misconduct by an officer, the enforcement agency is prohibited from divulging to the media, without the officer's express consent, information relating to the officer's home address, or the officer's photograph. (§ 3303, subd. (e).) Conspicuous in its absence from the statute is a prohibition against divulging the name of the officer under investigation.

peace officers. (*Bradbury* v. *Superior Court* (1996) 49 Cal.App.4th 1108, 1116 [57 Cal.Rptr.2d 207] [public comments made by a district attorney that were critical of the shooting of a citizen by a peace officer were privileged]; see also *Federated Publications, Inc.* v. *Boise City* (1996) 128 Idaho 459 [915 P.2d 21]; *Bozeman Daily Chronicle* v. *Police Dept.* (1993) 260 Mont. 218 [859 P.2d 435]; *State* ex rel. *NBC* v. *Cleveland* (1992) 82 Ohio App.3d 202 [611 N.E.2d 838]; *Cowles Pub. Co.* v. *State Patrol* (1988) 109 Wn.2d 712 [748 P.2d 597].) Disclosure is all the more a matter of public interest when those officers use deadly force and kill a suspect.

Let a writ of review issue setting aside the order of respondent superior court denying disclosure of the names of the deputies who had fired their weapons, and commanding it to enter a new order which is in conformance with the views expressed in this opinion.

Each party to bear its own costs.

Gilbert, J., and Yegan, J., concurred.