TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

| | | |
|---|---|---|
| OPINION | : | No. 99-503 |
| of | : | December 22, 1999 |
| BILL LOCKYER | : | |
| Attorney General | : | |
| ANTHONY S. DA VIGO | : | |
| Deputy Attorney General | : | |

THE HONORABLE MARSHA JONES MOUTRIE, CITY ATTORNEY, CITY OF SANTA MONICA, has requested an opinion on the following question:

Does the disclosure of peace officer personnel records in violation of Penal Code section 832.7 constitute a crime?

CONCLUSION

The disclosure of peace officer personnel records in violation of Penal Code section 832.7 may constitute a crime under the terms of Government Code section 1222 if the conditions of the latter statute are met.

ANALYSIS

Penal Code section 832.7, subdivision (a), provides as follows:

"Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office."[1]

While "Penal Code section 832.7 allows disclosure of the records in a variety of investigations" (*Michael* v. *Gates* (1995) 38 Cal.App.4th 737, 745), we are asked to assume that a disclosure has been made by an officer of a law enforcement agency in violation of the statutory prohibition. Would such disclosure constitute a crime? We conclude that it may constitute a crime under the provisions of Government Code section 1222.

Penal Code section 15 provides:

"A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments:

"1. Death;

"2. Imprisonment;

"3. Fine;

"4. Removal from office; or,

"5. Disqualification to hold and enjoy any office of honor, trust or profit in this state."

---

[1] Penal Code section 832.5 concerns records of complaints by members of the public against peace officers.

In *Matter of Ellsworth* (1913) 165 Cal. 677, 681, the Supreme Court declared:

> ". . . It should be unnecessary to point out the tremendous distinction that exists between acts which are simply illegal and for which therefore a civil liability alone results, and those which are criminal, for which penal as well as civil liability arises. A crime is an act committed or omitted in violation of a law forbidding or commanding it, 'and to which is annexed, upon conviction, either of the following punishments: death, imprisonment, fine, removal from office, or disqualification to hold and enjoy any office of honor, trust or profit in this state.' (Pen. Code, sec. 15.) A description, definition, and denouncement of acts necessary to constitute a crime do not make the commission of such act or acts a crime, unless a punishment be annexed, for punishment is as necessary to constitute a crime as its exact definition. [Citation.]"

The Legislature has not declared a violation of Penal Code section 832.7 to be a crime nor has it prescribed any punishment for its violation. (See *City of Hemet* v. *Superior Court* (1995) 37 Cal.App.4th 1411, 1430; *Bradshaw* v. *City of Los Angeles* (1990) 221 Cal.App.3d 908, 918-919.)[2]

As distinguished from the provisions of Penal Code section 832.7, a number of other statutes have made the disclosure of confidential information a crime in specified situations. (See, e.g., Pen. Code, §§ 637.6 [disclosure of private information obtained in establishing a ridesharing program punishable as a misdemeanor], 11141 [disclosure of criminal history records punishable as a misdemeanor]; Civ. Code, § 56.36 [disclosure of medical records punishable as a misdemeanor]; Gov. Code, § 7485 [disclosure of financial records punishable as a misdemeanor]; Rev. & Tax. Code, § 7284.6 [disclosure of utility taxpayer information punishable as a misdemeanor].) The Legislature has not done so in Penal Code section 832.7 with respect to the disclosure of peace officer personnel records, and we may not do so in the guise of statutory interpretation. "'[C]ourts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.)

Nevertheless, the disclosure in question may constitute a crime under the

---

[2] Although *Bradshaw* has not been followed in its discussion of certain peripheral matters (*City of Hemet* v. *Superior Court*, *supra*, 37 Cal.App.4th at 1430-1431; *City of Richmond* v. *Superior Court* (1995) 32 Cal.App.4th 1430, 1436-1441), it is clearly correct in noting that Penal Code section 832.7 does not contain a criminal penalty for a violation thereof.

general terms of Government Code section 1222, which provides:

> "Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor."

In 76 Ops.Cal.Atty.Gen. 289 (1993), we examined whether the public disclosure of information received during a closed session of a legislative body of a local agency could be considered the "willful omission" to perform a "duty enjoined by law." We concluded that disclosure of information in violation of a statute "may be enforced by use of the general criminal sanction set forth in [Government Code] section 1222." (*Id.*, at p. 292.) We relied upon *Alder* v. *City Council* (1960) 184 Cal.App.2d 763 in reaching our conclusion. In *Adler*, the court declared that when a local public agency holds a meeting in secret in violation of applicable open meeting laws, the agency members may be subject to criminal prosecution pursuant to Government Code section 1222. "[I]n view of the public purpose of the Brown Act, which is directed toward the conduct of public officials, we believe that section 1222, Government Code . . . [is] here applicable . . . ." (*Id.*, at p. 774; accord, *Centinela Hospital Assn.* v. *City of Inglewood* (1990) 225 Cal.App.3d 1586, 1598; *Griffis* v. *County of Mono* (1985) 163 Cal.App.3d 414, 427, fn. 15; *Griswald* v. *Mt. Diablo Unified Sch. Dist.* (1976) 63 Cal.App.3d 648, 656-658.)

Similarly, here, we believe that the disclosure of confidential information in violation of Penal Code section 832.7 (see *City of Hemet* v. *Superior Court*, *supra*, 37 Cal.App.4th at 1430-1431; *City of Richmond* v. *Superior Court*, *supra*, 32 Cal.App.4th at 1436-1441) may be prosecuted as a breach of official duty under the terms of Government Code section 1222. Of course, the disclosure must be proved to be "willful" to come within the terms of the latter statute, among other requirements.

In answer to the question presented, therefore, we conclude that the disclosure of peace officer personnel records in violation of Penal Code section 832.7 may constitute a crime under the provisions of Government Code section 1222 if the conditions of the latter statute are met.

\* \* \* \* \*