EDMUND G. BROWN JR. Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE ROD PACHECO, DISTRICT ATTORNEY, COUNTY OF RIVERSIDE, has requested an opinion on the following question:
In response to a request made under the California Public Records Act for the names of peace officers involved in a critical incident, such as one in which lethal force was used, must a law enforcement agency disclose those names?
 CONCLUSION
In response to a request made under the California Public Records Act for the names of peace officers involved in a critical incident, such as one in which lethal force was used, a law enforcement agency must disclose those names unless, on the facts of the particular case, the public interest served by not disclosing the names clearly outweighs the public interest served by disclosing the names. *Page 2 
 ANALYSIS
This question arises at the intersection of two statutory schemes pertaining to the confidentiality — or not — of records maintained by law enforcement agencies. One set of statutes, collectively known as the California Public Records Act, provides generally that "every person has a right to inspect any public record," except as specified in that act.[1] The other set of statutes, set forth in the Penal Code, makes peace officer personnel records confidential and establishes a procedure for obtaining these records, or information from them.[2]
The complex interaction between these interrelated statutory schemes has given rise to a number of published decisions interpreting various specific provisions.[3] The question before us stems from a desire to clear up confusion among some law enforcement agencies engendered by two of those decisions: the relatively recent decision by the Supreme Court in Copley Press, Inc. v. Superior Court, 39 Cal. 4th 1272 (2006), and the court of appeal's decision in New York Times Co. v. SuperiorCourt, 52 Cal. App. 4th 97 (1997), which Copley disapproved in part.
A full understanding of the issue and our analysis requires a brief review of the relevant statutes. We begin with the California Public Records Act ("Act").
The express purpose of the Act is to facilitate the public's right to monitor governmental activities on the principle that "access to information concerning the conduct of the public's business is a fundamental and necessary right of every person in this state."[4]
Thus, under the Act, most records maintained by state and local agencies are subject to disclosure.[5] However, the right to see public records is not absolute. In adopting the Act, the Legislature also declared that it was "mindful of the right of individuals to privacy."[6] *Page 3 
Accordingly, the Act contains numerous exceptions, many of which are designed to protect individual privacy.[7]
Exceptions to the Act's general rule of disclosure are narrowly construed, and the burden is on the governmental agency to show that a record should not be disclosed.[8] That is, an agency seeking to withhold a public record from disclosure must demonstrate either that the record falls under an express category of exemption under the Act, or that "on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."[9]
One exception to the Act's general rule of disclosure is an exemption for "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law."[10] Here, the relevant state law is Penal Code section 832.7, which establishes the confidentiality of peace officer "personnel records."[11] The term "personnel records" includes "complaints, or investigations of complaints, concerning an event or transaction in which [the officer] participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties."[12] The term "personnel records" also includes "personal data, including marital status, family members, educational and employment history, home addresses, or similar information,"[13]
as well as "any other information the disclosure of which would constitute an unwarranted invasion of personal privacy."[14] *Page 4 
Even a cursory review of these statutes suggests that they will not be easy to apply in every situation, entailing as they do a series of cross-references, exceptions within exceptions and, in the end, a balancing of the public's right to access information against individual privacy rights — both of which are fundamental interests under our state Constitution. In light of the importance of the competing interests at stake, it is understandable that a number of such situations have resulted in published decisions. We turn now to the two decisions that have brought this particular question to us.
New York Times Co. v. Superior Court involved a local newspaper's public records request for the names of uniformed sheriff's deputies who had fired shots at a private citizen during an incident that resulted in the citizen's death. Citing peace officer confidentiality statutes, the sheriff refused to provide the names. The newspaper filed a petition for writ of mandate, which the superior court denied. The court of appeal reversed, holding that the Act required the sheriff to provide the requested names.[15] The court reasoned that a request encompassing "simply the names of officers who fired their weapons while engaged in the performance of their duties" did not, in itself, call for production of confidential peace officer personnel records — as would a request for information concerning citizen complaints against peace officers[16]
or a request for reports on an internal investigation involving a peace officer.[17] Moreover, the court noted, the deputies' names could be "readily provided . . . without disclosure of any portion of the deputies' personnel files" and would "reveal no deliberative process" of any internal investigation connected to the shooting incident.[18]
Thus, New York Times stands for the proposition that a law enforcement agency must generally provide the names of officers involved in a critical incident, such as one involving the lethal use of force.
It has been suggested that the Supreme Court's decision in CopleyPress, Inc. v. Superior Court overruled the holding of New YorkTimes. For reasons that we now explain, we disagree.
In Copley, the publisher of the San Diego Union-Tribune submitted a public records request to the county civil service commission seeking the identity of a deputy sheriff whom the newspaper had learned was the subject of a disciplinary proceeding, and also requested *Page 5 
the details of that closed proceeding.[19] The commission refused to provide the requested information, and the superior court denied the newspaper's petition for writ of mandate.[20] The court of appeal reversed the superior court without reaching the merits of the commission's claim of confidentiality.[21] Thereafter, the Supreme Court granted review and held that, in this context, the commission was not required to reveal the officer's identity because Penal Code section832.7(a) "is designed to protect, among other things, `the identity of officers' subject to complaints."[22] In so holding, the Supreme Court disagreed with an assertion made in the New York Times opinion that could be read as stating that a peace officer's name is never exempt from disclosure under the peace officer confidentiality statutes. TheCopley court qualified its disagreement, however, by stating that the seemingly categorical assertion in New York Times was incorrect "at least insofar as it applies to disciplinary matters like the one at issue here."[23] We infer from the specific and qualified *Page 6 
nature of this disagreement that the Copley court did not overrule the central holding of New York Times that a peace officer's name is generally subject to disclosure. Instead, the holding in Copley is more narrow, that is, that a peace officer's name may be kept confidential when it is sought in connection with information pertaining to a confidential matter such as an internal investigation or a disciplinary proceeding.[24]
To look at it another way, New York Times holds that the name of an officer involved in a given incident must be disclosed as long as the disclosure does not reveal confidential information from the officer's personnel file, or endanger either the integrity of an investigation or the safety of a person.[25] This rule simply does not apply to the circumstances presented in Copley, where a peace officer's name was sought precisely because of its connection with a confidential disciplinary proceeding. Therefore, we conclude that Copley did not overrule the central holding of New York Times.
Our conclusion finds additional support in the Supreme Court's recent, post-Copley decision in Commission on Peace Officer Standards andTraining v. Superior Court.[26] There, a reporter from the Los Angeles Times made a public records request of the Commission on Peace Officer Standards and Training for the names, employing departments, and employment dates of numerous peace officers. The Commission denied the request, claiming that the information was exempt from disclosure because the officers' names, employing departments, and dates of employment were all items of information that would be obtained from confidential peace officer personnel records.[27] The superior court ordered *Page 7 
disclosure, but the court of appeal reversed, concluding that the requested records were covered by the peace officer confidentiality statutes.[28] The Supreme Court then reversed the court of appeal, holding that the requested information did not constitute "peace officer personnel records" under Penal Code section 832.7.[29] In the course of its analysis, the Supreme Court emphasized that Copley's disagreement with the New York Times decision was "qualified."[30] The Supreme Court also quoted with approval a passage from New York Times as support for its general conclusion that peace officer names ordinarily are not, and should not be, considered confidential information:
 The public's legitimate interest in the identity and activities of peace officers is even greater than its interest in those of the average public servant. "Law enforcement officers carry upon their shoulders the cloak of authority to enforce the laws of the state. In order to maintain trust in its police department, the public must be kept fully informed of the activities of its peace officers."[31]
The Supreme Court surely would not have cited this language from NewYork Times as support for its holding if, only a year earlier, it had overruled New York Times in Copley.
Having concluded that the central holding in New York Times is still good law, then, how do we apply it to the question at hand? First, we assume for purposes of our analysis that the law enforcement agency has made and kept some kind of record of the names of the officers who become involved in a critical incident, such as one in which lethal force was used.[32] Such information would fall well within the Act's broad definition of a "public record," regardless of how it might be stored.[33] As we have noted, New York Times holds that the name of an officer involved in a given incident must be disclosed as long as the disclosure does not reveal confidential information from the officer's personnel file, or *Page 8 
endanger either the integrity of an investigation or the safety of a person. Therefore, because the name of an officer involved in a critical incident does not, in itself, reveal confidential information from the officer's personnel file as defined by Penal Code section 832.8(e), the name may not be withheld under Government Code section 6254(k) ("[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law").
We next consider whether the name may be withheld under Government Code section 6254(c), which exempts records "the disclosure of which would constitute an unwarranted invasion of personal privacy." This exemption calls for the balancing of a peace officer's interest in privacy against the public's interest in disclosure.[34] The Supreme Court has observed that the public has a legitimate interest in the identity and conduct of peace officers, and in keeping fully informed as to their official actions.[35] This interest is substantial and "both diminishes and counterbalances" any expectation that a peace officer may have that his or her identity will ordinarily be kept confidential.[36] At least as a general matter, the perceived harm to peace officers "from revelation of their names as having fired their weapons in the line of duty and resulting in a death does not outweigh the public interest in disclosure of their names."[37] Thus, we conclude that the names of peace officers involved in a critical incident in the performance of their official duties are not generally exempt from disclosure under Government Code section 6254(c).
We also find inapplicable the section 6254(f) exception for "[r]ecords of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the Office of the Attorney General and the Department of Justice, and any state or local police agency. . . ."[38] Generally speaking, a response to a request just for the names of officers involved in a particular incident may be provided without revealing any investigatory or disciplinary matter that may have arisen out of the incident.[39] Disclosure would merely communicate a statement of fact that the named officers were involved in the incident. It would not imply any judgment that the actions taken were inappropriate or even *Page 9 
suspect. That the name of involved officers might also appear in an investigatory file connected to the incident is of no moment for purposes of the applicable law. It is well established that a public agency may not shield otherwise non-confidential information from public disclosure "simply by placing it in a file labeled `investigatory.'"[40]
Finally, we do not accept the suggestion that section 6254(f) shields an involved officer's name from disclosure on the theory that the name would constitute mere "information" — as distinguished from a disclosable "record" — that an agency would have no obligation to reveal.[41] In our view, this would-be semantic distinction wrongly presupposes a much more restrictive definition of what constitutes a "public record" than is actually the case. As the Supreme Court observed in Commission on Peace Officer Standards and Training, the Act's definition of "public record" is "intended to cover every conceivable kind of record that is involved in the governmental process. . . . Only purely personal information unrelated to `the conduct of the people's business' could be considered exempt from this definition."[42] The identities of officers involved in a particular incident that occurred in the course and scope of their duties as peace officers is clearly information related "to the conduct of the public's business," and therefore disclosable if — as we assume — it is recorded in any manner and can be redacted to protect any confidential material.[43]
In summary, we conclude that the name of a peace officer involved in a critical incident is not categorically exempt from disclosure under either the Act or the peace officer confidentiality provisions of the Penal Code. Nevertheless, we cannot leave the subject without pointing out that there will inevitably be instances in which confidentiality will be required because "the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record."[44] An incident in which an officer is *Page 10 
operating undercover is one such situation.[45] An incident involving a street gang member and the possibility of retribution by other gang members might be another example. In any proper case, a law enforcement agency may seek to justify withholding an officer's identifying information under Government Code section 6255(a). This provision "contemplates a case-by-case balancing process, with the burden of proof on the proponent of nondisclosure to demonstrate a clear overbalance on the side of confidentiality."[46] While a "`mere assertion of possible endangerment' is insufficient to justify nondisclosure," the interests of both the individual officer and the public in peace officer safety and effectiveness are significant, and a law enforcement agency must therefore have an opportunity to demonstrate that a particular case merits confidential treatment of the identity of the officer or officers involved.[47]
Therefore we conclude that, in response to a request made under the California Public Records Act for the names of peace officers involved in a critical incident, such as one in which lethal force was used, a law enforcement agency must disclose those names unless, on the facts of the particular case, the public interest served by not disclosing the names clearly outweighs the public interest served by disclosing the names.
[1] Govt. Code § 6253(a); see generally California Public Records Act, Govt. Code §§ 6250 et seq.
[2] Pen. Code §§ 832.5, 832.7, 832.8; see also Evid. Code §§1043-1047.
[3] See Bernard E. Witkin, California Criminal Law vol. 5, §§ 52-53, 102-107 (3d ed., West 2000).
[4] Govt. Code § 6250; see Cal. Const. art. I, § 3(b)(1).
[5] Govt. Code § 6253(a).
[6] Govt. Code § 6250; see Cal. Const. art. I, § 3(b)(3).
[7] See Govt. Code § 6254.
[8] Cal. Const. art. I, § 3(b)(2); Govt. Code § 6255.
[9] Govt. Code § 6255.
[10] Govt. Code § 6254(k).
[11] Penal Code section 832.7(a) states, "Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to [Penal Code] Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." Penal Code section 832.5
establishes a procedure for citizens to lodge complaints against peace officers.
[12] Pen. Code § 832.8(e).
[13] Pen. Code § 832.8(a).
[14] Pen. Code § 832.8(f).
[15] 52 Cal. App. 4th at 99-100.
[16] See City of Richmond v. Superior Court, 32 Cal. App. 4th 1430,1440 (1995).
[17] See City of Hemet v. Superior Court, 37 Cal. App. 4th 1411, 1416
(1995).
[18] New York Times, 52 Cal. App. 4th at 102-104.
[19] 39 Cal. 4th at 1279.
[20] Id. at 1279-1280.
[21] The court of appeal had ordered the commission to provide, with certain redactions, the requested records based on its determination that the commission was not the officer's "employing agency" within the meaning of the peace officer confidentiality statutes, and that its records concerning the officer were "outside the definitional limitations applicable to" those provisions. Copley,39 Cal. 4th at 1280-1281. The Supreme Court rejected this rationale, finding that the commission's records should be treated as those of the employing agency, and therefore that they are covered by the officer confidentiality statutes. Id. at 1289.
[22] Id. at 1297 (quoting City of Richmond, 32 Cal. App. 4th at 1440
n. 3).
[23] 39 Cal. 4th at 1298. The Copley decision's full discussion ofNew York Times is as follows:
 In reaching this conclusion, we reject Copley's reliance on New York Times, supra, 52 Cal. App. 4th 97. There, through a public records request, a news organization sought the names of deputy sheriffs who fired weapons during a criminal incident. (New York Times, at p. 100.) The county sheriff, who determined this information during an internal investigation of the incident, agreed to provide the names of all deputies who were present at the crime scene, but refused to identify the particular officers who fired their weapons. (Id. at pp. 99-100.) The court ordered disclosure of the information, holding in relevant part that it was not confidential under section 832.7. (New York Times, supra, at pp. 101-104.) Without any analysis, the court broadly declared that "[u]nder . . . sections 832.7 and 832.8, an individual's name is not exempt from disclosure." (New York Times, supra, at p. 101.) As the preceding discussion of the statutory language and legislative history demonstrates, the court's unsupported assertion is simply incorrect, at least insofar as it applies to disciplinary matters like the one at issue here. Thus, we disapprove New York Times Co. v. Superior Court, supra, 52 Cal. App. 4th 97, to the extent it is inconsistent with the preceding discussion, and we reject Copley's reliance on that decision.
Id. at 1297-1298.
[24] Id. at 1297.
[25] 52 Cal. App. 4th at 102-103.
[26] 42 Cal. 4th 278 (2007).
[27] Id. at 286-287.
[28] Id. at 287-288.
[29] Id. at 298-303.
[30] Id. at 298.
[31] Id. at 297(quoting New York Times,52 Cal. App. 4th at 104-105.)
[32] The Act does not apply to information that is not maintained as a record in any form. Govt. Code § 6252(g) (definition of "writing");see Govt. Code § 6253.9(c) (public agency not required to reconstruct electronic record that is no longer available).
[33] Govt. Code § 6252(e), (g).
[34] See Commission on Peace Officer Standards and Training,42 Cal. 4th at 299.
[35] Id. at 297.
[36] Id. at 299. "Notably, uniformed officers are statutorily mandated to wear identification." New York Times, 52 Cal. App. 4th at 102.
[37] New York Times, 52 Cal. App. 4th at 104.
[38] Govt. Code § 6254(f).
[39] See New York Times, 52 Cal. App. 4th at 103-104.
[40] E.g., Williams v. Superior Court, 5 Cal. 4th 337, 355
(1993).
[41] See supra n. 32.
[42] 42 Cal. 4th at 288 n. 3 (quoting Assembly Statewide Info. Policy Comm., Final Rpt. (Mar. 1970) 1 Assembly J. (1970 Reg. Sess.) appendix 9 (internal quotation marks omitted)).
[43] See Govt. Code § 6257(a): ". . . Any reasonably segregable portion of a record shall be available for inspection by any person requesting the record after deletion of the portions that are exempted by law."
[44] Govt. Code § 6255(a).
[45] See Commission on Peace Officer Standards and Training,42 Cal. 4th at 301-304.
[46] Michaelis, Montanari Johnson v. Superior Court,38 Cal. 4th 1065, 1071 (2006).
[47] Commission on Peace Officer Standards and Training,42 Cal. 4th at 302 (quoting CBS, Inc. v. Block, 42 Cal. 3d 646, 652 (1986)). *Page 1