[Civ. No. 24947. Fourth Dist., Div. One. July 24, 1981.]

CITY OF SAN DIEGO, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
VIKKI PALLONETTI et al., Real Parties in Interest.

## COUNSEL

John W. Witt, City Attorney, Ronald L. Johnson, Chief Deputy City Attorney, and John W. Wood, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Muns, Mehalick & Lynn and James B. Mehalick for Real Parties in Interest.

## OPINION

**BROWN (Gerald), P. J.**—Petitioner seeks writ of prohibition to prevent the superior court from compelling two defendant police officers to answer certain questions on depositions concerning whether they have received reprimands in connection with their police work involving any shootings or otherwise. The officers contend the information is privileged under Penal Code sections 832.7 and 832.8, and is immune from discovery except by means of an *in camera* procedure as authorized by Evidence Code sections 1043, 1045. Because the trial court has ordered disclosure of information we find is privileged, the issuance of a prerogative writ is appropriate (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1 [123 Cal.Rptr. 283, 538 P.2d 739]).

This is a wrongful death action arising out of a police killing of real parties' decedent during his arrest. Plaintiffs first requested discovery of the personnel records of the arresting officer and his partner. Penal Code sections 832.7 and 832.8 say personnel records and complaints about police officers are privileged against discovery except by means of a proceeding under Evidence Code sections 1043, 1045. Evidence Code section 1043 says when discovery of such records or of information

from such records is sought, there must be a noticed motion and an *in camera* inspection of the records, following which, under Evidence Code section 1045, the trial court must determine relevance and must exclude certain matter from disclosure as well as making any necessary protective orders. That procedure was followed in this case, and after an *in camera* inspection of the officers' records, the superior court granted partial disclosure of the information there contained. Information of only one shooting incident was disclosed. Plaintiffs then noticed the officers' depositions and questioned the officers whether they had received reprimands regarding their police work; they would not respond on grounds of privilege. In response to a motion to compel, the superior court ordered the officers to answer the questions, and this petition for a writ followed.

The trial court's reasons for compelling discovery were (1) the earlier proceeding concerned *documents* rather than *oral questions* and has no binding effect on this discovery attempt and (2) the privilege statutes cited above apply only to personnel records as such and not to questions about personnel matters.

█ It has often been stated a litigant may not obtain indirectly what is directly privileged and immune from discovery. (E.g., *Sav-On Drugs, Inc.* v. *Superior Court, supra*, 15 Cal.3d 1, 7; *Edgar* v. *Superior Court* (1978) 84 Cal.App.3d 430, 435 [148 Cal.Rptr. 687].) In our view, the statutes which protect personnel records and *information from such records* also protect the identical information about personnel history which is within the officers' personal recollections. There would be no purpose to protecting such information in the personnel records if it could be obtained by the simple expedient of asking the officers for their disciplinary history orally. Also, here, the trial court has already culled the records and determined what should be made available and what should be protected. No appeal from that ruling was taken by way of a petition for prerogative writ relief or otherwise. In the interests of fairness and judicial economy that ruling should be treated as a final determination regarding the proper extent of disclosure of the officers' personnel histories in this case, absent any showing of changed circumstances since the ruling was made. The fact the discovery which was granted did not turn up anything useful is not such a changed circumstance.

All parties have filed points and authorities and the remedy is clear. An alternative writ or order to show cause would add nothing to the full

presentations already made. A peremptory writ of prohibition is proper (Code Civ. Proc., §§ 1088, 1104, 1105; cf. *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Krasley* v. *Superior Court* (1980) 101 Cal.App.3d 425, 433 [161 Cal.Rptr. 629]) and should issue immediately.

Let a writ of prohibition issue restraining respondent superior court from compelling defendant police officers to answer the questions set out in the motion for order to compel answers below, or any other questions about their disciplinary records during employment.

Cologne, J., and Staniforth, J., concurred.