[No. B071643. Second Dist., Div. One. Feb. 10, 1993.]

CLIPPER HACKETT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ANDREW GLIN, Real Party in Interest.

## COUNSEL

Franscell, Strickland, Roberts & Lawrence, Carol D. Janssen and Sherry L. Hovind for Petitioner.

No appearance for Respondent.

Dale Runge for Real Party in Interest.

## OPINION

**VOGEL (Miriam A.), J.**—The question before us is whether the conditional privilege created by section 1043 of the Evidence Code[1] for peace officer personnel records protects *all* information in a deputy sheriff's file without regard to whether a particular piece of information can also be found elsewhere. Our answer is that it does.

---

[1] Unless otherwise stated, all section references are to the Evidence Code.

FACTS

Andrew Glin sued Deputy Sheriff Clipper Hackett for damages, alleging that while Glin was a jail inmate, Hackett disciplined him by smashing his face into a wall.

During the course of discovery, Glin served Hackett with interrogatories asking for Hackett's home address, telephone number, place of birth, driver's license number and educational background. Hackett refused to answer, contending the information could be obtained, if at all, only after compliance with the procedure spelled out in section 1043 (which together with sections 832.7 and 832.8 of the Penal Code creates a conditional privilege for peace officer personnel records and the information contained in those records). Glin's motion to compel answers was granted (and Hackett was ordered to pay sanctions), apparently because the trial court perceived a difference between a request for information which by its nature would be found only in a peace officer's personnel file (citizen complaints and disciplinary action) and information typically available outside the file (home addresses). On Glin's suggestion, the trial court issued a protective order precluding disclosure to third persons.

Hackett petitioned for a writ of mandate or prohibition and we issued a stay to prevent disclosure of the disputed information pending our decision.

DISCUSSION

■ Hackett contends the requested information is conditionally privileged and subject to disclosure only upon compliance with section 1043. We agree.

The statutory scheme does not leave room for doubt. (See *City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 83 [260 Cal.Rptr. 520, 776 P.2d 222] [as statutory schemes go, this one is "a veritable model of clarity and balance"].) Under subdivision (a) of section 832.7 of the Penal Code, "[p]eace officer personnel records . . . *or information obtained from these records*, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . ." (Italics added.) Section 832.8 of the Penal Code explains that, as used in section 832.7, "personnel records" means any file maintained by the employing agency under the officer's name and containing records relating to *"marital status, family members, educational and employment history, home addresses, or similar information,"* medical history, election of employee benefits, complaints or discipline, and "[a]ny

other information the disclosure of which would constitute an unwarranted invasion of personal privacy." (Italics added.)[2]

Subdivision (a) of section 1043 provides, as relevant, that "[i]n any case in which discovery . . . is sought of peace officer personnel records . . . *or information from those records,* the party seeking the discovery . . . shall file a written motion with the appropriate court . . . [and give] written notice to the governmental agency which has custody and control of the records. . . ." (Italics added.) Subdivision (b) of section 1043 lists the items required to support the motion, including a showing by affidavit of "good cause for the discovery . . . sought, setting forth the materiality thereof to the subject matter involved in the pending litigation . . . ."

In a slightly different context, Division One of the Fourth District held that the statute means what it says. In *City of San Diego* v. *Superior Court* (1981) 136 Cal.App.3d 236 [186 Cal.Rptr. 112], a wrongful death action, two police officers refused to answer deposition questions about whether they had received reprimands in connection with their work. Starting from the premise that "a litigant may not obtain indirectly what is directly privileged and immune from discovery," the court held that "the statutes which protect personnel records and *information from such records* also protect the identical information about personnel history which is within the officers' personal recollections. There would be no purpose to protecting such information in the personnel records if it could be obtained by the simple expedient of asking the officers for their disciplinary history orally." (*Id.* at p. 237.)

In the case before us, the trial court correctly observed that the information requested by Glin is of the sort usually found outside a peace officer's personnel file (as well as within it) and that this case is therefore factually distinguishable from *City of San Diego* v. *Superior Court, supra,* 136 Cal.App.3d 236. But the emphasis on that point simply begs the question. The information requested in this case (such as Hackett's home address) is information included in Hackett's privileged personnel file (Pen. Code, § 832.8, subd. (a)) and there is *nothing* in the statutory scheme or its history suggesting a legislative intent to exclude from the privilege information which happens to be obtainable elsewhere.

To the contrary, the Legislature has demonstrated its ability to create an exception when one is intended. Section 1044 creates an express exception for certain medical records by directing that section 1043 shall not "be construed to affect the right of access to records of medical or psychological

---

[2] "Home addresses" was added in 1990. (Stats. 1990, ch. 264, § 1.)

history where such access would otherwise be available under Section 996 or 1016." As a result, medical records discoverable under the patient-litigant exceptions to the physician-patient (§ 996) and psychotherapist-patient privileges (§ 1016) are discoverable notwithstanding the fact that copies of such records might be found in a peace officer's personnel file. The exception for discoverable medical reports demonstrates the Legislature's ability to create exceptions for home addresses and other information which, but for the conditional privilege of section 1043, would be discoverable from a source other than a peace officer's personnel records. (See *City of Santa Cruz* v. *Municipal Court, supra*, 49 Cal.3d at p. 88.) Under these circumstances, the absence of an exception means none was intended.

The history of the peace officer's conditional privilege supports the same conclusion. Sections 1043, 1044 and 1045 were added to the Evidence Code and sections 832.7 and 832.8 were added to the Penal Code by Senate Bill No. 1436 in 1978. (Stats. 1978, ch. 630, §§ 5, 6 p. 2083.)[3] From the outset, the bill covered *both* "information *concerning* the officer" *and* "complaints or investigations of the officer." (Assem. Com. on Crim. Justice, analysis of Sen. Bill No. 1436, Aug. 7, 1978, p. 2, italics added.) Although it is clear the bill was conceived as a legislative response to *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], and *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107, 123-128 [130 Cal.Rptr. 257, 550 P.2d 161], as a means to regulate access to citizen complaints and disciplinary information in police personnel files (*People* v. *Breaux* (1991) 1 Cal.4th 281, 311-312 [3 Cal.Rptr.2d 81, 821 P.2d 585]; *County of Los Angeles* v. *Superior Court* (1990) 219 Cal.App.3d 1605, 1609 [269 Cal.Rptr. 187]), it is equally clear from its plain language that the bill, from the outset, was intended to create a privilege for *all* information in peace officers' personnel files.

Additionally, there is the fact that certain information about peace officers which might otherwise be available through various public records is nevertheless kept confidential. For example, subdivision (a)(10) of section 1808.4 of the Vehicle Code protects the confidentiality of a peace officer's home address by excluding it from all Department of Motor Vehicle records subject to public inspection. The reason for this protection is clear—a peace officer's personal safety is endangered by unrestricted disclosure. (See Enrolled Bill Rep. for Sen. Bill No. 36 (1977), chaptered as Veh. Code, former § 1804.4, Stats. 1977, ch. 504, § 2, pp. 1633-1634.)

---

[3]Section 1046 (which requires the inclusion of the police report in a case in which the party seeking discovery is alleging excessive force in connection with an arrest) and section 1047 (which prohibits all disclosure of personnel records of supervisorial or other peace officers who had no contact with the party seeking disclosure) were added in 1985. (Stats. 1985, ch. 539, §§ 1, 2, p. 1917.)

For several reasons, we reject an analysis which would treat the trial court's protective order as substantial compliance with the statutory scheme. First, the burden of proof is skewed in this context. Second, Glin has not made any showing at all of good cause or materiality as required by section 1043. Third, a peace officer has the right to absolute confidentiality absent full compliance with the statute, not just the limited protection afforded by a directive to Glin and his attorney to keep the information to themselves. (But see *Dominguez* v. *Superior Court* (1980) 101 Cal.App.3d 6 [161 Cal.Rptr. 407].)

For all these reasons, the legislative intent is clear—to include within the conditional privilege all information in a peace officer's personnel file, including home addresses and similar data, without regard to whether the information could also be obtained from the officer or elsewhere. It follows that Glin is required to comply with section 1043 and that the trial court should not have ordered Hackett to respond to the interrogatories in question.[4]

### DISPOSITION

Opposition to Hackett's petition was requested, the parties were notified of our intention to issue a peremptory writ (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]) and both parties have filed points and authorities. The remedy is clear and an alternative writ or order to show cause would add nothing to the full presentations already made. We therefore deem this to be a proper case for the issuance of a peremptory writ of mandate in the first instance (Code Civ. Proc., § 1088; *Ng* v. *Superior Court* (1992) 4 Cal.4th 29 [13 Cal.Rptr.2d 856, 480 P.2d 961]).

Let a peremptory writ of mandate issue, commanding respondent superior court to vacate its orders of October 14, 1992, and November 6, 1992, granting Glin's motion to compel further answers to interrogatories and imposing sanctions, and to enter a new order denying Glin's motions.

Spencer, P. J., and Ortega, J., concurred.

---

[4]We reject as specious Glin's unsupported contentions that the petition should be denied because Hackett has not established that his home address is in his personnel file or that he is a member of the class of peace officers intended to be protected by section 1043. If Glin pursues this discovery under section 1043 and it turns out that Hackett has improperly asserted a privilege to which he is not entitled, we have confidence in the trial court's ability to fashion an appropriate remedy.