[No. D038685. Fourth Dist., Div. One. Dec. 11, 2002.]

SAN DIEGO POLICE OFFICERS ASSOCIATION et al., Plaintiffs and Appellants, v.
CITY OF SAN DIEGO CIVIL SERVICE COMMISSION et al., Defendants and Respondents.

## COUNSEL

Law Offices of Everett L. Bobbitt, Everett L. Bobbitt, Sanford A. Toyen; Bobbitt & Pinckard, Everett L. Bobbitt and Bradley Fields for Plaintiffs and Appellants.

Casey Gwinn, City Attorney, Anita M. Noone, Assistant City Attorney, and James M. Chapin, Deputy City Attorney, for Defendants and Respondents City of San Diego and City of San Diego Civil Service Commission.

John J. Sansone, County Counsel, and William Songer, Deputy County Counsel, for Defendants and Respondents County of San Diego and County of San Diego Civil Service Commission.

## OPINION

**HALLER, J.**—Two local law enforcement employee associations (Associations)[1] filed an action against the City of San Diego (City) and County of San Diego (County) (collectively Public Entities), alleging the Public Entities' practice of routinely disclosing personnel records at public disciplinary appeal hearings violates Penal Code section 832.7 and the law enforcement

---

[1] The Associations are the San Diego Police Officers Association and the San Diego County Deputy Sheriffs' Association.

officers' constitutional rights to privacy. Associations sought declaratory relief ordering Public Entities to end this practice. The trial court sustained Public Entities' demurrer without leave to amend, and entered judgment in the Public Entities' favor. We conclude Associations alleged a viable cause of action for declaratory relief under Penal Code section 832.7. We therefore reverse.

## FACTUAL AND PROCEDURAL SUMMARY

Associations' complaint alleged the following: Associations represent City and County peace officers who have a right to challenge disciplinary personnel actions at an administrative hearing. (Gov. Code, § 3303, subd. (b).) Public Entities' civil service commissions require these administrative appeals to be conducted at public hearings. During these public hearings, each civil service commission "allow[s] for the disclosure of personnel records," as defined in Penal Code section 832.8, despite the objections of the involved peace officer. Penal Code section 832.8 defines "personnel records" to include employment-related information contained in the officer's file, complaints and investigations of complaints concerning the involved officer, and "[a]ny other information the disclosure of which would constitute an unwarranted invasion of personal privacy."[2]

Associations alleged that by permitting public disclosure of these personnel records, Public Entities violated section 832.7 and the peace officers' constitutional rights. Associations sought (1) "[a] writ of mandamus . . . commanding [Public Entities] to prevent public disclosure of confidential peace officer personnel records as described in Penal Code § 832.8 . . ."; and (2) "[a] judicial declaration that Petitioners' membership is entitled to have confidential peace officer personnel records protected from public disclosure . . ." at disciplinary appeal hearings.

Public Entities filed a demurrer contending that section 832.7 does not prevent disclosure of personnel records in an administrative proceeding, relying on *Bradshaw v. City of Los Angeles* (1990) 221 Cal.App.3d 908, 921 [270 Cal.Rptr. 711]. The Public Entities further argued that "[t]o the extent the petitioners are challenging the introduction of particular evidence at

---

[2]Penal Code section 832.8 defines personnel records as "any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following: [¶] (a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information. [¶] (b) Medical history. [¶] (c) Election of employee benefits. [¶] (d) Employee advancement, appraisal, or discipline. [¶] (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties. [¶] (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy." All further statutory references are to the Penal Code unless otherwise specified.

some past or future Commission hearing, such a challenge is not appropriate for review" by a declaratory relief action.

The trial court sustained the demurrer, finding that section 832.7 does not preclude the introduction of evidence at an administrative disciplinary appeal hearing. The court alternatively found the complaint "lack[ed] controversy on its face" because Associations were not challenging a specific ruling permitting the admission of confidential personnel records at an administrative hearing, and that the proper avenue to challenge a prior ruling was through a Code of Civil Procedure section 1094.5 action.

Associations thereafter moved for reconsideration, requesting leave to amend the complaint based on new facts that arose after the court's ruling showing that a deputy sheriff (who was not identified for asserted confidentiality concerns) was denied a closed hearing on his appeal of a disciplinary action. The trial court denied the reconsideration motion, finding the proposed new facts "do not properly address the issues raised."

Associations appeal.

DISCUSSION

### I.  *Preliminary Matters*

Before reaching the merits of Associations' contentions, we reject Public Entities' arguments that the judgment may be affirmed on a nonsubstantive basis.

City argues—for the first time on appeal—that the action is barred by the res judicata doctrine based on a previous lawsuit in which the city police officers association unsuccessfully raised the identical issue regarding the confidentiality of personnel files presented at disciplinary review hearings. However, the deputy sheriffs association was not a party to this prior action and therefore this association is not necessarily barred from asserting its claims. Moreover, relitigation is not foreclosed because this case falls within the public interest exception to the res judicata doctrine. (See *Arcadia Unified School Dist. v. State Dept. of Education* (1992) 2 Cal.4th 251, 257-259 [5 Cal.Rptr.2d 545, 825 P.2d 438].) Under the public interest exception, courts may permit relitigation of an issue of law concerning a public entity's ongoing statutory obligations that affect individuals and members of the public not specifically before the court in the first litigation. (*Ibid.*; see *Kopp v. Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 622 [47 Cal.Rptr.2d 108, 905 P.2d 1248]; *City of Sacramento v. State of California* (1990) 50 Cal.3d 51, 64-65 [266 Cal.Rptr. 139, 785 P.2d 522].) The circumstances here fall within that exception.

We further reject the County's argument—made in a footnote without citation to any authority—that the demurrer may be sustained because

Associations failed to allege an actual controversy. Associations have presented a real and substantial controversy because they are seeking declaratory relief regarding a public entity's ongoing interpretation of a statute affecting Associations' membership. (See Code Civ. Proc., § 1060.)

## II.  *Propriety of Demurrer*

██  As the central thrust of their appeal, Associations contend their complaint stated a cause of action under section 832.7. Specifically, Associations maintain: (1) their complaint adequately alleged Public Entities routinely present personnel records at public hearings conducted pursuant to the Public Safety Officers' Procedural Bill of Rights Act; (2) section 832.7 prohibits Public Entities from disclosing personnel records to the public without the involved officer's consent; and (3) Associations are therefore entitled to declaratory relief to prevent Public Entities from continuing to engage in this practice.

In examining these contentions, we first briefly describe the statutory scheme regarding administrative hearings under the Public Safety Officers' Procedural Bill of Rights Act, and Public Entities' alleged practices of disclosing personnel records at these public hearings. We then examine whether section 832.7 supports Associations' allegation that personnel records cannot be presented at these public hearings without the affected officer's consent.

### A.  *Public Safety Officers' Procedural Bill of Rights Act*

██  Government Code section 3300 et seq. is known as the Public Safety Officers Procedural Bill of Rights Act. (Gov. Code, § 3300; see *San Diego Police Officers Assn. v. City of San Diego* (2002) 98 Cal.App.4th 779, 781 [120 Cal.Rptr.2d 609].) Under this act, "[n]o punitive action" may be taken against a public safety officer unless the officer is provided an opportunity for an administrative appeal (referred to as a disciplinary appeal hearing). (Gov. Code, § 3304, subd. (b); *Giuffre v. Sparks* (1999) 76 Cal.App.4th 1322, 1328 [91 Cal.Rptr.2d 171].) The Legislature enacted this code section to ensure a peace officer subjected to punitive action has the "opportunity 'to establish a formal record of the circumstance surrounding his termination' [citation] and 'to attempt to convince the employing agency to reverse its decision, either by demonstrating the falsity of charges which led to punitive action, or through proof of mitigating circumstances.'" (*Binkley v. City of Long Beach* (1993) 16 Cal.App.4th 1795, 1806 [20 Cal.Rptr.2d 903].)

Beyond mandating that this opportunity be provided, the Legislature did not specify how the appeal process was to be implemented. The Legislature instead left the details of the administrative appeal "to be formulated by the

local agency." (*Binkley v. City of Long Beach, supra,* 16 Cal.App.4th at p. 1806.) Thus, Government Code section 3304 was not intended to "interfere with a charter city's right to regulate peace officers' qualifications for employment, or the causes for which they may be removed. [Citation.] Nor was the Act intended to abrogate the powers granted charter cities by article XI, section 5 of the California Constitution . . . ." (*Binkley v. City of Long Beach, supra,* 16 Cal.App.4th at p. 1806.) But the hearings must be conducted consistent with due process. (*Id.* at p. 1807.) Thus, the hearings must be conducted by a neutral factfinder, and the hearings must be open to the public if the affected peace officer requests a public hearing. (See *Caloca v. County of San Diego* (2002) 102 Cal.App.4th 433, 446 [126 Cal.Rptr.2d 3]; *Giuffre v. Sparks, supra,* 76 Cal.App.4th at p. 1329.)

Associations allege that Public Entities have rules, policies and/or practices that require administrative disciplinary appeals to be held at public hearings, and, at these hearings, Public Entities routinely present information contained in peace officer personnel files despite the affected officer's objections to the disclosure. Associations concede that this practice is proper under local codes and rules, but argue that it violates state law, specifically section 832.7. We thus turn to an analysis of section 832.7.

### B.   *Section 832.7*

Section 832.7, subdivision (a) provides: "Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5,[3] or information obtained from these records, are confidential and shall not be disclosed by the department or agency that employs the peace officer in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.[4] This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office."

In *Bradshaw v. City of Los Angeles, supra,* 221 Cal.App.3d 908, the court interpreted section 832.7 to mean that the statute did not apply to preclude a

---

[3]Section 832.5 provides that law enforcement agencies must establish procedures for the investigation of citizens' complaints against law enforcement personnel, and requires that the complaints, and the records of any investigations of the complaints, be retained for at least five years.

[4]These Evidence Code sections codify the *Pitchess* motion procedure requiring a good cause finding and an in camera examination before peace officer personnel information may be disclosed in discovery to civil or criminal litigants. (*City of Los Angeles v. Superior Court* (2002) 29 Cal.4th 1, 9 [124 Cal.Rptr.2d 202, 52 P.3d 129]; see *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*).) By enacting these code sections, the Legislature "balanced [a litigant's] need for disclosure of relevant information with the law enforcement officer's legitimate expectation of privacy in his or her personnel records." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1220 [114 Cal.Rptr.2d 482, 36 P.3d 21].)

public entity from disclosing peace officer personnel records unless those records were sought in connection with a civil or criminal proceeding. In that case, a police officer alleged the city violated section 832.7 when it disclosed information to the news media about his public disciplinary appeal hearing. In evaluating whether this allegation stated a valid cause of action, the *Bradshaw* court noted that section 832.7 was susceptible to two different interpretations: (1) the Legislature intended the disclosure prohibition applied only to disclosures in the context of a civil or criminal proceeding; or (2) the Legislature intended to create a rule providing that all peace officer personnel records are confidential and then to recognize a specific exception to that rule for parties to obtain relevant information through *Pitchess* discovery procedures in the context of a civil or criminal proceeding. (*Bradshaw v. City of Los Angeles, supra,* 221 Cal.App.3d at p. 916.)

The *Bradshaw* court ultimately adopted the former interpretation—that section 832.7 applied to provide limitations only for peace officer personnel information disclosures in the context of a civil or criminal proceeding, and therefore the code section did not prohibit the city from disclosing information to the media concerning the officer's public administrative appeal hearing. (*Bradshaw v. City of Los Angeles, supra,* 221 Cal.App.3d at pp. 916-920.) The court reasoned that section 832.7's legislative history showed that the specific purpose of the statute was to codify the *Pitchess* decision regarding discovery procedures for third party litigants to obtain relevant police personnel information, and not to establish general rules regarding the voluntary release of information to news media. (221 Cal.App.3d at pp. 917-918.) The *Bradshaw* court alternatively held that the officer's claim was without merit because section 832.7 did not provide a private right of action for an individual officer to obtain damages caused by an improper disclosure. (221 Cal.App.3d at pp. 918-919.)

Two California appellate courts have since disagreed with *Bradshaw*'s expansive pronouncement that section 832.7's disclosure prohibition applies only to disclosures in criminal or civil actions, and instead interpreted section 832.7 as recognizing broad confidentiality protection for peace officer personnel records regardless of the context in which the documents are sought. (*City of Richmond v. Superior Court* (1995) 32 Cal.App.4th 1430 [38 Cal.Rptr.2d 632] (*City of Richmond*); *City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411 [44 Cal.Rptr.2d 532] (*City of Hemet*); see also *County of Los Angeles v. Superior Court* (1993) 18 Cal.App.4th 588, 599-600 [22 Cal.Rptr.2d 409].)

In *City of Richmond*, the court held a city properly denied a newspaper's request under the California Public Records Act (CPRA) for personnel records pertaining to an investigation of a police officer. (*City of Richmond,*

*supra,* 32 Cal.App.4th at pp. 1438-1440.) The court found that although the CPRA does not specifically restrict the public from obtaining such records, the CPRA provides that a public entity need not disclose records that are " 'exempted or prohibited pursuant to federal or state law . . . .' " (*City of Richmond, supra,* 32 Cal.App.4th at p. 1440, quoting Gov. Code, § 6254, subd. (k).) The *City of Richmond* court concluded that section 832.7 was a state law that "prohibited" disclosure of peace officer personnel records within the meaning of the CPRA. (32 Cal.App.4th at p. 1440.) In reaching this determination, the *City of Richmond* court rejected the newspaper's arguments that, under *Bradshaw,* section 832.7 did not apply because the information was not being sought in connection with a civil or criminal action. The court explained that it "disagree[d] with *Bradshaw*'s suggestion that Penal Code section 832.7 did not establish the confidentiality of these records. [Citation.] If the Legislature intended only to define procedures for disclosure in criminal and civil proceedings, it could have done so by stating that the records 'shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to [the Evidence Code sections] . . . ,' without also designating the information 'confidential.' " (32 Cal.App.4th at p. 1439.)

In *City of Hemet,* the court similarly incorporated section 832.7 into the CPRA to hold that a newspaper was not entitled to compel the city to disclose records of an internal police investigation of a police officer's actions. (*City of Hemet, supra,* 37 Cal.App.4th 1411.) The *City of Hemet* court agreed that "*Bradshaw* went too far in refusing to give full effect to the Legislature's specification of police personnel records as 'confidential.' " (*Id.* at p. 1430.) The court stated that "[l]ogic does not permit the conclusion that information may be 'confidential' for one purpose, yet freely disclosable for another. In the [*Bradshaw*] court's apparent concern for allowing the city in that case to disseminate information as a matter of legitimate public interest, the court put a gloss on the word 'confidential' which we cannot accept." (*Ibid.*)

We believe the *City of Richmond* and *City of Hemet* courts correctly interpreted section 832.7, and that *Bradshaw*'s holding that section 832.7 applies only to civil and criminal proceedings is unsupported. (See *Dibb v. County of San Diego* (1994) 8 Cal.4th 1200, 1210, fn. 5 [36 Cal.Rptr.2d 55, 884 P.2d 1003] [in context of local commission's citizen complaint investigations "section 832.7 . . . imposes on the sheriff the duty to maintain the confidentiality of peace officer personnel records or information obtained from those records"].) Although the *City of Richmond* and *City of Hemet* decisions arose in factual circumstances different from here, the underlying logic of those decisions necessarily extends to the situation before us.

First, as did the *City of Richmond* and *City of Hemet* courts, we conclude it would be unreasonable to assume the Legislature intended to put strict limits on the discovery of police personnel records in the context of civil and criminal discovery, and then to broadly permit any member of the public to easily obtain those records made public at a disciplinary appeal hearing without any showing of good cause. Section 832.7's protection would be wholly illusory unless that statute is read to establish confidentiality status for personnel records in the context of public disciplinary hearings. Personnel records include all complaints and investigations of complaints, and information that would constitute an "unwarranted invasion of personal privacy." (§ 832.8.) If a law enforcement agency could—without the consent of the affected officer—present evidence at a public hearing regarding all past complaints and investigations of the complaints to assist in proving a particular personnel action, even if those complaints were later determined to be unfounded, criminal and civil litigants would then have full access to later wade through those records in an attempt to prove their current allegations against the officer. This is precisely what the Legislature sought to avoid by codifying the *Pitchess* procedures and recognizing these restrictions in section 832.7. (See *People v. Mooc, supra,* 26 Cal.4th at p. 1227.)

Moreover, we agree with the *City of Richmond* court that section 832.7's statutory language demonstrates that the Legislature was intending to recognize the confidentiality of peace officer personnel records regardless of the context in which the records were sought. Although the Legislature could have merely stated that personnel records shall not be disclosed in civil and criminal proceedings except by *Pitchess* procedures (as codified in the Evidence Code sections), it first provided—in an independent clause—that the records are "confidential." (§ 832.7, subd. (a).) ▮ In construing a statute we are required to give independent meaning and significance to each word, phrase, and sentence in a statute and to avoid an interpretation that makes any part of a statute meaningless. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) ▮ If the Legislature intended merely to restate the *Pitchess* procedures under which civil or criminal discovery is permitted, there would be no need to include the word "confidential" in section 832.7, subdivision (a). (See *Rosales v. City of Los Angeles* (2000) 82 Cal.App.4th 419, 426 [98 Cal.Rptr.2d 144] ["The term 'confidential' in Penal Code section 832.7 has independent significance"].)

The remaining subdivisions of section 832.7 likewise confirm our interpretation. Three of these subdivisions describe circumstances under which, "[n]otwithstanding subdivision (a)," the employing agency shall or may disclose information contained in a peace officer's personnel file. (§ 832.7,

subds. (b), (c) & (d).)[5] For example, section 832.7, subdivision (d) states that an agency may release disciplinary information to rebut a false statement made by a peace officer to the media. But this subdivision makes clear that the circumstances under which this public disclosure is permitted are very narrow, providing that an employing agency may release the factual information if the officer or his agent makes a "false" statement that was "published" in an "established medium of communication," and that this statement concerned the investigation or disciplinary action. (§ 832.7, subd. (d).) By setting forth these very specific restrictions as to when the agency may disclose information in a peace officer's personnel file, the Legislature necessarily intended that the agency would not have the discretion to disclose the information where these circumstances were not satisfied. A contrary conclusion would render section 832.7, subdivision (d) meaningless.

Public Entities' contentions that section 832.7 has no applicability to a disciplinary appeal hearing are unpersuasive.[6]

First, City argues an interpretation of section 832.7 as applying to disciplinary appeal hearings is improper because it violates article XI, section 5 of the California Constitution, which provides that a charter city "enjoys autonomous rule over municipal affairs pursuant to article XI, section 5 of the California Constitution, 'subject only to conflicting provisions in the federal and state Constitutions and to preemptive state law.' [Citations.]"

[5]These subdivisions of section 832.7 read: "(b) Notwithstanding subdivision (a), a department or agency shall release to the complaining party a copy of his or her own statements at the time the complaint is filed. [¶] (c) Notwithstanding subdivision (a), a department or agency which employs peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved. [¶] (d) Notwithstanding subdivision (a), a department or agency which employs peace officers may release factual information concerning a disciplinary investigation if the peace officer who is the subject of the disciplinary investigation, or the peace officer's agent or representative, publicly makes a statement he or she knows to be false concerning the investigation or the imposition of disciplinary action. Information may not be disclosed by the police officer's employer unless the false statement was published by an established medium of communication, such as television, radio, or a newspaper. Disclosure of factual information by the employing agency pursuant to this subdivision is limited to facts contained in the peace officer's personnel file concerning the disciplinary investigation or imposition of disciplinary action that specifically refute the false statements made public by the peace officer or his or her agent or representative."

[6]We note that in the proceedings below, Public Entities essentially conceded that section 832.7 applies to disciplinary appeal hearings. In replying to Associations' opposition to their demurrer, Public Entities stated that they "recognize that peace officer personnel records are made confidential by statute," and that they "take steps to protect the confidentiality of peace officer records." Although they appear to take an opposite position in their appellate briefs, Public Entities' earlier admission retains significance.

*(Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 363 [87 Cal.Rptr.2d 654, 981 P.2d 499].)

We reject this contention because a conclusion that section 832.7 prohibits disclosure of peace officer personnel records at a disciplinary appeal hearing does not conflict with a municipal ordinance. City relies solely on San Diego City Charter, article VIII, section 129, which provides for a public hearing for permanent employees who have been removed for cause. This limited public hearing requirement is not necessarily inconsistent with a law prohibiting disclosure of personnel records at the hearing if the officer objects. Moreover, as our Supreme Court has recognized, a local ordinance "does not (and may not) supersede general law governing privileges or confidentiality of records" as set forth in section 832.7. (*Dibb v. County of San Diego, supra,* 8 Cal.4th at p. 1210, fn. 5.)

Public Entities additionally argue that section 832.7 is inapplicable because the *Pitchess* discovery procedures, codified in Evidence Code sections 1043 and 1046, are irrelevant to an agency that holds the personnel files. We agree that requiring Public Entities to satisfy *Pitchess* procedures before disclosing records seems illogical because the information presented to the civil service commissions is already in possession of either the complaining police officer or the responding agency. A request for discovery is, therefore, generally not at issue and the *Pitchess* procedures identified in section 832.7, subdivision (a) (by reference to the Evidence Code sections) are inapplicable as the statute is currently written. However, as explained above, because we have concluded that the correct interpretation of the statute is that the Legislature intended to establish that personnel records are confidential and then created a limited exception in the civil/criminal discovery context, the fact that *Pitchess* procedures do not logically apply here does not render the disclosure prohibition inapplicable. (See *Hackett v. Superior Court* (1993) 13 Cal.App.4th 96, 100 [16 Cal.Rptr.2d 405] ["Although it is clear the [statute] was conceived as a legislative response to *Pitchess* . . . , it is equally clear from its plain language . . . [that the statute] was intended to create a privilege for *all* information in peace officers' personnel files"].)

Public Entities further contend that the social importance of publicly disclosing police discipline means police personnel records should not be treated as confidential in disciplinary appeal hearings. Given the powerful position of law enforcement officers in our society, there are many valid reasons for requiring that the public be kept fully informed about the police discipline system. (See *City of Hemet, supra,* 37 Cal.App.4th at p. 1428; see also *New York Times Co. v. Superior Court* (1997) 52 Cal.App.4th 97, 104-105 [60 Cal.Rptr.2d 410]; *San Francisco Police Officers' Assn. v. Superior Court* (1988) 202 Cal.App.3d 183, 191 [248 Cal.Rptr. 297].) However,

our decision on the merits of Associations' claims cannot be based on such generalized public policy notions. As a judicial body, it is our role to interpret the laws as they are written. Because Associations have alleged that Public Entities "routinely" disclose personnel records and the Legislature has designated these personnel records as "confidential," the complaint states a valid cause of action. (§ 832.7.)

Public Entities' reliance on *Rosales v. City of Los Angeles, supra,* 82 Cal.App.4th 419 is misplaced. The *Rosales* court made clear it agreed with *Bradshaw* only to the extent that *Bradshaw* held section 832.7 does not provide for a private right of action for violation of its provisions. (82 Cal.App.4th at pp. 427-429.) That issue is not presented in this declaratory relief action. Additionally, the *Rosales* court's observation that section 832.7's "privilege" is considered "conditional or limited because an officer cannot prevent disclosure of his or her personnel records . . ." does not support Public Entities' position. (82 Cal.App.4th at pp. 426-427.) The *Rosales* court made this statement in the course of recognizing that a peace officer may not prevent disclosure in a civil or criminal action after a trial court has granted a *Pitchess* motion. (*Ibid.*) We agree with this principle, but it is inapplicable here because we are not dealing with a *Pitchess*-type discovery motion.

County's reliance on *San Francisco Police Officers' Assn. v. Superior Court, supra,* 202 Cal.App.3d 183 is also misplaced. In that case, the San Francisco Police Officers' Association challenged a rule permitting the individual who complained about a police officer's conduct to be present at the confidential investigation hearing and to have access to the decision and materials. (*Id.* at pp. 186-188.) In rejecting this challenge, the court emphasized that the investigation hearings conducted by the San Francisco commission are considered part of the factfinding process, and any records that are part of the peace officer's personnel file, or become part of the personnel file, are considered confidential and the complainant would not have access to these materials. (*Id.* at pp. 188-192.) This conclusion is fully consistent with our holding here.

We conclude section 832.7 provides that peace officer personnel records, as defined in section 832.8, are confidential. Thus, employing agencies may not freely disclose these records at public disciplinary appeal hearings if the affected officer asserts an objection. This conclusion requires that we reverse the judgment sustaining the demurrer. The allegations of Associations' complaint—that Public Entities routinely disclose confidential peace officer personnel records despite the objection of the peace officer—state a valid basis for declaratory relief under section 832.7.

Both parties have invited this court to go beyond this holding and opine on whether a reversal in this case means disciplinary appeal hearings must be

closed to the public. We decline to do so. First, this form of relief was not requested in the pleading that was the subject of the demurrer and the ensuing judgment. Under well-settled pleading rules, a ruling on a demurrer is necessarily limited to the relief sought in the petition, which, in this case, is a declaration that section 832.8 personnel records are confidential in the context of disciplinary appeal hearings. ■ Second, in ruling on the propriety of a demurrer, we are limited to examining the complaint's factual allegations to determine whether they potentially state a cause of action on any available legal theory. (*Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 560 [53 Cal.Rptr.2d 878]. The nature of any appropriate declaratory relief (including whether the relief would ultimately address a requirement for a closed disciplinary appeal hearing) is for the trial court's determination upon remand. This determination may well depend on factual matters involving the nature of disciplinary hearings and the form, type, and relevance of personnel records sought to be introduced at a hearing. In light of these potential factual questions, Public Entities' request that we outline the procedures for conducting disciplinary proceedings would require this court to go well beyond the role of an appellate court at this early stage of the proceedings. Similarly, it is not our role at the pleading stage to opine on whether there may be any exceptions to section 832.7's confidentiality requirement as applied to disciplinary appeal proceedings, such as a good cause exception analogous to that recognized in the *Pitchess* decision. This issue is for the trial court's consideration in determining the appropriate scope of a declaratory relief order, and/or may be best resolved in connection with a particular case in which an exception is sought. Our holding here is limited to a determination that Associations have stated a valid cause of action alleging that Public Entities have violated section 832.7 by routinely disclosing confidential personnel records at public disciplinary hearings.

### DISPOSITION

Judgment reversed. Public Entities to bear costs on appeal.

Huffman, Acting P. J., and McDonald, J., concurred.

A petition for a rehearing was denied January 9, 2003, and the opinion was modified to read as printed above.