**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK A. BOCKARI, | No. 14-17043 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00857-JAM-AC |
| v. | |
| CALIFORNIA VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 19, 2016
San Francisco, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and KRONSTADT,[**]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

Plaintiff-Appellant Patrick A. Bockari ("Plaintiff") appeals from the dismissal of this action with prejudice by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In this action, Plaintiff challenges Defendant-Appellee California Victim Compensation and Government Claims Board's ("Defendant") award to him of crime victim compensation pursuant to Cal. Gov. Code §§ 13950 et seq. He claims that the award was insufficient. On appeal, Plaintiff argues that the district court erred in dismissing the action for lack of subject matter jurisdiction. He contends that the complaint presented claims for which there is federal question jurisdiction. "We review *de novo* dismissals for lack of subject matter jurisdiction, favorably viewing the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

A district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).

2

"[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

The complaint in this action did not expressly cite any federal statutes or the Constitution in connection with the claims it advanced. However, a "complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). The allegations of the complaint were sufficient to suggest the nature of the claimed federal rights. Specifically, they referred to potential violations of federal regulations related to "Americans With Disabilities." This permitted the reasonable inference that Plaintiff was seeking to assert claims under the Americans with Disabilities

3

Act of 1990 ("ADA"), 42 U.S.C. § 12101. Furthermore, Plaintiff's claim that Defendant violated the ADA by awarding to him less compensation than he would have received but for his disability, is neither wholly frivolous nor completely devoid of merit. Therefore, the claims cannot be deemed ones that fail to raise a controversy under federal law. *Steel Co.*, 523 U.S. at 89. For these reasons, we conclude that the district court erred in deciding that no subject matter jurisdiction exists over this action.

Plaintiff next contends that the district court erred in dismissing the complaint because it sought to advance claims barred under the doctrine of res judicata. He argues that under California law, which controls that issue, his claim is not barred. "We review de novo a district court's dismissal based on res judicata." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

Pursuant to the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Therefore, California law controls this issue. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("We must therefore look to California law to determine the preclusive effect of the state court judgment . . . .").

The doctrine of res judicata, which under California law is also referred to as claim preclusion, requires that "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (Cal. 2002). Under California law, "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood*, 543 P.2d 593, 594 (Cal. 1975) (citations omitted). "Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 386 (Cal. 2015), *reh'g denied* (Aug. 12, 2015).

To determine whether a later complaint presents the same cause of action that was previously adjudicated, "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." *Slater*, 543 P.2d at 594 (citations omitted). In applying this rule, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens*

*for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1067 (Cal. Ct. App. 1998)). Further,

> the "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief.

*Slater*, 543 P.2d at 594-95 (internal quotation marks and citations omitted).

Six years before commencing this action against Defendant, Plaintiff sued Defendant in the Sacramento County Superior Court seeking redress for the same alleged injury that underlies the claims in this action. In the prior action, Plaintiff claimed that the crime victim award made to him pursuant to Cal. Gov. Code § 13957.5 was in error. The basis for that claim was twofold. First, the award did not calculate his lost income assuming that he would attain a position as a full-time teacher. Second, the claim improperly deducted Supplemental Security Income ("SSI") disability payments that he was receiving pursuant to 42 U.S.C. §§ 1381 et seq. The Superior Court dismissed that action with prejudice and entered a judgment

6

from which Plaintiff did not appeal.[1] The federal claims under the ADA, which Plaintiff has advanced in this action, seek redress for the same primary rights that were pursued in the prior state court action. Plaintiff challenges the same award on the same grounds. Therefore, the present claims are barred. *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 737 (9th Cir. 1984) ("California's rule, however, does not mean that different causes of action are involved just because relief may be obtained under either state or federal law, or under either of two legal theories.").

The authorities cited by Plaintiff in support of a different outcome are distinguishable. *See Agarwal v. Johnson*, 603 P.2d 58, 72 (Cal. 1979) (employment discrimination claim gave rise to a different primary right than those for intentional infliction of emotional distress and defamation, each of which involved distinct damages); *Fujifilm Corp. v. Yang*, 223 Cal. App. 4th 326, 332 (Cal. Ct. App. 2014) ("because breaching a contract inflicts harm on a legally protected interest different from tortious conduct that renders uncollectable a judgment arising from the breach of contract, two different primary rights arise."). Nor do the fairness and public interest exceptions to res judicata apply. Each is "extremely narrow." *Arcadia Unified Sch.*

---

[1] We take judicial notice of the prior judgment of the Superior Court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted).

*Dist. v. State Dep't of Educ.*, 825 P.2d 438, 442 (Cal. 1992); *see also, e.g.*, *In re Di Carlo's Estate*, 44 P.2d 562, 567 (Cal. 1935) (minor permitted to challenge guardian's accounting of funds, approved in a prior probate order, under public interest exception, because "the ward is a person under legal disability and ordinarily unable to protect himself against overreaching or other improper conduct of the guardian"); *San Diego Police Officers' Assn. v. City of San Diego Civil Serv. Com.*, 104 Cal. App. 4th 275, 279 (Cal. Ct. App. 2002) ("Under the public interest exception, courts may permit relitigation of an issue of law concerning a public entity's ongoing statutory obligations that affect individuals and members of the public not specifically before the court in the first litigation.").

Finally, Plaintiff argues that it was an abuse of discretion by the district court to deny leave to amend the Complaint. In support of this position, Plaintiff notes that he was a pro se litigant at that time. "We review the denial of an opportunity to amend for abuse of discretion." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). "Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). In this action, there was no abuse of

discretion by the district court because leave to amend would have been futile. An amended complaint could not have overcome the bar of res judicata.

**AFFIRMED.**